*413 McCORMACK, J.
In this case, we decide whether a trial court’s restitution award that is based solely on uncharged conduct[1] may be sustained. We conclude that it cannot. We therefore overrule our decision in People v Gahan, 456 Mich 264; 571 NW2d 503 (1997), to the extent that Gahan held that MCL 780.766(2) “authorizes the sentencing court to order criminal defendants to pay restitution to all victims, even if those specific losses were not the factual predicate for the conviction.” Gahan, 456 Mich at 270. Accordingly, we vacate the portion of the judgment of sentence ordering that the defendant pay $158,180.44 in restitution, and remand to the trial court for entry of an order assessing $63,749.44 in restitution against the defendant.
I. FACTS AND PROCEDURAL HISTORY
In January 2011, Battle Creek police officers arrested the defendant because they believed him to be responsible for a series of thefts of commercial air conditioning units in the area. Following a trial, a jury found the defendant guilty of larceny over $20,000, malicious destruction of property over $20,000, and inducing a minor to commit a felony.[2] The trial court sentenced the defendant, as a fourth-offense habitual offender, to concurrent terms of 12 to 25 years in prison on each count. The trial court reserved a decision on restitution *414 until after sentencing. Following a hearing, and over defense counsel’s objection to the amount of restitution assessed, the trial court entered an amended judgment of sentence to reflect the imposition of $158,180.44 in restitution against the defendant. Of that total, the defendant was ordered to pay $63,749.44 to the four victims of the offenses of which he was convicted and $94,431 to the victims of uncharged thefts attributed to the defendant by his accomplice.
The Court of Appeals vacated the defendant’s conviction for larceny over $20,000, but otherwise affirmed his convictions and sentences. People v McKinley, unpublished opinion per curiam of the Court of Appeals, issued May 16, 2013 (Docket No. 307360). The panel rejected the defendant’s argument that Michigan’s restitution scheme is unconstitutional because it permits trial courts to impose restitution on the basis of facts not proven to the trier of fact beyond a reasonable doubt. Id. at 8.
We granted leave to appeal, 495 Mich 897 (2013), limited to the following issues:
(1) whether an order of restitution is equivalent to a criminal penalty, and (2) whether Michigan’s statutory restitution scheme is unconstitutional insofar as it permits the trial court to order restitution based on uncharged conduct that was not submitted to a jury or proven beyond a reasonable doubt. See Southern Union Co v United States, 567 US_; 132 S Ct 2344; 183 L Ed 2d 318 (2012); Apprendi v New Jersey, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000); contra People v Gahan, 456 Mich 264 (1997).
II. STANDARD OF REVIEW
The proper application of MCL 780.766(2) and other statutes authorizing the assessment of restitution at *415 sentencing is a matter of statutory interpretation, which we review de novo. Hunter v Hunter, 484 Mich 247, 257; 771 NW2d 694 (2009). “The first step when interpreting a statute is to examine its plain language, which provides the most reliable evidence of intent.” Ter Beek v City of Wyoming, 495 Mich 1, 8; 846 NW2d 531 (2014). If the statutory language is unambiguous, no further judicial construction is required or permitted. Id. Questions involving the constitutionality of a statute are also reviewed de novo. Hunter, 484 Mich at 257.
III. ANALYSIS
The defendant’s challenge to the restitution award is premised on the Sixth Amendment to the United States Constitution, specifically Apprendi and its progeny. Defendant challenges both the amount of the restitution award above $63,749.44 (the amount based on uncharged conduct) and the amount between $20,000 and $63,749.44 (the amount based on convicted conduct above and beyond the amount specifically found by a jury). Only the former argument was preserved by a timely objection.[3] Ultimately, we do not reach either of defendant’s constitutional challenges to the restitution award. As to the former, pursuant to the widely accepted and venerable rule of constitutional avoidance,[4] *416 we conclude that it is necessary to revisit the statutory analysis of MCL 780.766(2) we set forth in Gahan. Ashwander v Tenn Valley Auth, 297 US 288, 347; 56 S Ct 466; 80 L Ed 688 (1936) (Brandéis, J., concurring) (“ [I]f a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter.”).* ***[5] We believe that adherence to that rule is particularly appropriate in this case because *417 the statutory analysis in Gahan is so plainly incomplete and the defendant’s constitutional challenge to restitution based on uncharged conduct is a novel one that other courts have not addressed (indeed, have not even been called upon to address).* ****[6]
As to the defendant’s challenge to the restitution award based on convicted conduct, we conclude that the issue is not properly before us because the defendant has waived it.[7] The defendant did not raise any question *418 regarding the portion of the restitution award based on convicted conduct in his initial application for leave to appeal in this Court, but instead posited that the entirety of the restitution award based on convicted conduct passed constitutional muster. Only after we granted leave to appeal did the defendant assert that only $20,000 of the restitution award was constitutional under Apprendi. A waiver “extinguished] any error,” People v Carter, 462 Mich 206, 216; 612 NW2d 144 (2000), thereby foreclosing appellate review, id. at 215.
A. STATUTORY INTERPRETATION
MCL 780.766(2) provides in part that “the [sentencing] court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant’s course of conduct that gives rise to the conviction or to the victim’s estate.” In Gahan, we discussed the Legislature’s use of the term “course of conduct” and determined that term should be given a broad construction in light of its historical background and prior decisions from the Court of Appeals interpreting a similar statute.[8] Gahan, 456 Mich at 271-272. Notably, however, the Gahan Court devoted no attention to the modifying phrase “that gives rise to the conviction . . . ,”[9]
*419 We conclude that the Gahan Court’s reading of MCL 780.766(2) is not sustainable and must be overruled. The plain language of the statute authorizes the assessment of full restitution only for “any victim of the defendant’s course of conduct that gives rise to the conviction ....” The statute does not define “gives rise to,” but a lay dictionary defines the term as “to produce or cause.” Random House Webster’s College Dictionary (2000), p 1139. Only crimes for which a defendant is charged “cause” or “give rise to” the conviction. Thus, the statute ties “the defendant’s course of conduct” to the convicted offenses and requires a causal link between them. It follows directly from this premise that any course of conduct that does not give rise to a conviction may not be relied on as a basis for assessing restitution against a *420 defendant. Stated differently, while conduct for which a defendant is criminally charged and convicted is necessarily part of the “course of conduct that gives rise to the conviction,” the opposite is also true; conduct for which a defendant is not criminally charged and convicted is necessarily not part of a course of conduct that gives rise to the conviction. Similarly, the statute requires that “any victim” be a victim “of” the defendant’s course of conduct giving rise to the conviction, indicating that a victim for whom restitution is assessed need also have a connection to the course of conduct that gives rise to the conviction. Allowing restitution to be assessed for uncharged conduct reads the phrase “that gives rise to the conviction” out of the statute by permitting restitution awards for “any victim of the defendant’s course of conduct” without any qualification.[10] The statute, however, provides an explicit qualification that the Gahan Court did not address.
Our conclusion is further reinforced when the language of MCL 780.766(2) is read in pari materia with other provisions in the Crime Victim’s Rights Act, MCL 780.751 et seq.[11] MCL 780.767, for example, sets forth *421 the factors for consideration and the burden of proof in setting the amount of restitution. MCL 780.767(1) provides that “[i]n determining the amount of restitution to order under [MCL 780.766], the court shall consider the amount of the loss sustained by any victim as a result of the offense.” (Emphasis added.) Similarly, MCL 780.767(4) provides that “[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the prosecuting attorney.” (Emphasis added.) “[T]he offense” in MCL 780.767 can only refer to the offense of which the defendant was convicted, because it is that “offense” that makes him subject to being ordered to pay restitution in the first place. Thus, these provisions further reinforce our conclusion that MCL 780.766(2) requires a direct, causal relationship between the conduct underlying the convicted offense and the amount of restitution to be awarded. See, e.g., Paroline v United States, 572 US_,_; 134 S Ct 1710, 1720; 188 L Ed 2d 714 (2014) (“The words ‘as a result of plainly suggest causation.”).
Because MCL 780.766(2) does not authorize the assessment of restitution based on uncharged conduct, the trial court erred by ordering the defendant to pay $94,431 in restitution to the victims of air conditioner thefts attributed to the defendant by his accomplice but not charged by the prosecution. We therefore vacate that portion of the defendant’s judgment of sentence. As this holding makes it unnecessary to address the question whether restitution based on uncharged conduct is unconstitutional under the Sixth Amendment and Apprendi and its progeny, we decline to reach that question.
*422 B. STARE DECISIS
Contrary to the dissent’s assertion, we do not “lightly cast aside” our decision in Gahan. Rather, in determining whether to overrule our decision in Gahan, we are mindful of the factors for overruling our prior decisions set forth in Robinson v Detroit, 462 Mich 439, 463-468; 613 NW2d 307 (2000). Stare decisis is “generally ‘the preferred course’ ” because it “ ‘contributes to the actual and perceived integrity of the judicial process.’ ” Id. at 463, quoting Hohn v United States, 524 US 236, 251; 118 S Ct 1969; 141 L Ed 2d 242 (1998). We consider whether Gahan was wrongly decided, whether it defies practical workability, whether reliance interests would work an undue hardship, and whether changes in the law or the facts no longer justify the questioned decision. Id. at 464.
We have little difficulty concluding that Gahan was wrongly decided. For reasons previously explained, we believe that the Gahan Court’s analysis of MCL 780.766(2) is incomplete because it failed to consider the clause “that gives rise to the conviction.” That significant qualification to the phrase “course of conduct” renders untenable the Gahan Court’s conclusion that the term “course of conduct” should be given a reading so broad that it includes uncharged conduct. This factor weighs in favor of overruling Gahan.
We see no basis for concluding that Gahan defies practical workability. Trial courts hold hearings and make restitution determinations every day under the Gahan Court’s reading of the statute, and we see nothing to indicate that Gahan is difficult to apply. This factor weighs in favor of retaining Gahan.
Regarding reliance, we inquire “whether the previous decision has become so embedded, so accepted, so *423 fundamental, to everyone’s expectations that to change it would produce not just readjustments, but practical real-world dislocations.” Robinson, 462 Mich at 466. We conclude that the reliance interests of crime victims are not implicated here because “to have reliance the knowledge must be of the sort that causes a person or entity to attempt to conform his conduct to a certain norm before the triggering event.” Id. at 467. Under MCL 780.766(2), the “triggering event” is the defendant’s commission of a crime against a victim for which the defendant is not charged; before that act occurs, a person would have no reason to believe he or she would be victimized and adjust his or her conduct accordingly, so by definition there can be no reliance on the Gahan rule that he or she may recover restitution for his or her losses as a result of that crime.
Further, when dealing with an issue of statutory interpretation, we have said that “it is to the words of the statute itself that a citizen first looks for guidance in directing his actions.” Id. Accordingly, when a court misconstrues or misreads a statute, “it is that court itself that has disrupted the reliance interest. When that happens, a subsequent court, rather than holding to the distorted reading because of the doctrine of stare decisis, should overrule the earlier court’s misconstruction.” Id. Because Gahan interpreted only one phrase in MCL 780.766(2), and in doing so did not address another phrase in the statute, we conclude that reliance on its holding is not justified. Because overruling Gahan will not result in practical, real-world dislocations, this factor weighs in favor of its overruling.
Finally, we are aware of no intervening changes in the law or the facts involving restitution awards that would either support or undermine our statutory inter *424 pretation analysis in Gahan.[12] Thus, this factor neither supports nor weighs against overruling Gahan.
In sum, we conclude that Gahan was wrongly decided and that no reliance interests are upset by its overruling. Stare decisis is a “ ‘principle of policy’ rather than ‘an inexorable command,’ ” and we are not constrained to follow precedent that is badly reasoned. Id. at 464, quoting Hohn, 524 US at 251. Accordingly, we conclude that Gahan should be overruled to the extent that it held that MCL 780.766(2) “authorizes the sentencing court to order criminal defendants to pay restitution to all victims, even if those specific losses were not the factual predicate for the conviction.” Gahan, 456 Mich at 270.
IV CONCLUSION
We hold that MCL 780.766(2) does not authorize trial courts to impose restitution based solely on uncharged conduct. We overrule our decision in Gahan to the extent that it held to the contrary. Therefore, we vacate the portion of the judgment of sentence imposing $158,180.44 in restitution and remand to the trial court for entry of an order assessing $63,749.44 in restitution against the defendant.
Young, C.J., and Markman, Kelly, Zahra, and Viviano, JJ, concurred with MCCORMACK, J.

 For purposes of this opinion, the phrase “uncharged conduct” refers to criminal conduct that the defendant allegedly engaged in that was not relied on as a basis for any criminal charge and therefore was not proved beyond a reasonable doubt to a trier of fact.

 The defendant employed a teenage accomplice, whom he rewarded with money and cigarettes, to help him remove the air conditioning units. His accomplice testified against the defendant at trial pursuant to a plea agreement.

 At the restitution hearing, defense counsel argued that “the current state of the law would require that. . . there would have been have [sic] some proof beyond a reasonable doubt that those other ‘complainants’ if you will, were also those that were victimized by the Defendant.” In other words, counsel argued only that the portion of the restitution award based on the uncharged offenses had to be proven beyond a reasonable doubt.

 This rule is well established in both United States Supreme Court caselaw and this Court’s precedent. See Ashwander v Tenn Valley Auth, 297 US 288, 347; 56 S Ct 466; 80 L Ed 688 (1936) (Brandéis, J., *416 concurring) (“The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of.”); Slack v McDaniel, 529 US 473, 485; 120 S Ct 1595; 146 L Ed 2d 542 (2000) (quoting Justice Brandeis’s concurring opinion in referring to “[t]he Ashwander rule”); Smith v Curran, 267 Mich 413, 418; 255 NW 276 (1934) (holding that the “constitutionality of an act will not be passed upon where a case may be otherwise decided”).

 That is, given that we conclude that Michigan’s statutory restitution scheme does not permit the trial court to order restitution based on uncharged conduct, it is unnecessary to decide whether such a scheme would be unconstitutional. Contrary to the dissent’s characterization, there is nothing at all inappropriate as to the approach we have taken in this case, and it is an approach that is consistent with the well-established rule that the “constitutionality of an act will not be passed upon where a case may be otherwise decided!.]” Smith, 267 Mich at 418. Furthermore, the parties in this case were in no way denied an “opportunity to be heard” regarding this issue, as suggested by the dissent. The parties were free to argue that Gahan wrongly held that Michigan’s statutory restitution scheme permits the trial court to order restitution based on uncharged conduct, and defense counsel did at least address this point at oral argument, at which he stated:
I think Justice McCormack’s second question is whether there is an alternative way of addressing this and one way would be to limit this Court’s previous decision in People v Gahan. In People v Gahan, this Court construed the statutory language very broadly where a course of conduct could mean anything — it didn’t — it wasn’t limited to just what the jury found.
In addition, in his brief filed with the Court, defense counsel specifically asked us to “overrule Gahan.” Finally, the prosecutor also recognized that “[t]his Court, in its order granting leave, pointed the parties at [Gahan] as a potential source of useful precedent.” Therefore, it is clear *417 that the parties themselves recognized that they were accorded an opportunity to be heard regarding our decision in Gahan.
Finally, we note that despite the dissent’s criticism of our decision not to reach the constitutional question and its defense of Gahan’s statutory analysis, the dissent does not reach the constitutional question either. And if that constitutional hurdle proves unresolvable to the dissent, one wonders whether that opinion should be a concurrence instead.

 Notably, and we believe further supporting our decision not to reach the constitutional issue, the apparent reason other courts have not been asked to address the argument that the defendant raises here is because those courts have (seemingly uniformly) construed their restitution statutes as allowing the assessment of restitution based only on convicted conduct. See, e.g., Hughey v United States, 495 US 411, 413; 110 S Ct 1979; 109 L Ed 2d 408 (1990); State v Clapper, 273 Neb 750, 758; 732 NW2d 657 (2007); Commonwealth v McIntyre, 436 Mass 829, 835 n 3; 767 NE2d 578 (2002) (collecting cases applying various standards requiring a causal relationship between the restitution award and the conviction). Accordingly, we are aware of no court that has reached the argument defendant preserved below: whether Apprendi and its progeny bar the assessment of restitution based on uncharged conduct. See also United States v Sharma, 703 F3d 318, 323 (CA 5, 2012) (“The [Mandatory Victim Restitution Act, 18 USC 3663A] limits restitution to the actual loss directly and proximately caused by the defendant’s offense of conviction. An award of restitution cannot compensate a victim for losses caused by conduct not charged in the indictment or specified in a guilty plea, or for losses caused by conduct that falls outside the temporal scope of the acts of conviction.”).

 Waiver is defined as “the ‘intentional relinquishment or abandonment of a known right.’ ” People v Carter, 462 Mich 206, 215; 612 NW2d 144 (2000), quoting People v Carines, 460 Mich 750, 762 n 7; 597 NW2d 130 (1999) (citation and quotation marks omitted).

 Those prior decisions interpreted MCL 771.3(2), now MCL 771.3(l)(e), which contains identical language to MCL 780.766(2) for all purposes relevant to our analysis. Similarly, other statutes allowing for the assessment of restitution also have identical language for all relevant purposes. See, e.g., MCL 769.1a(2); MCL 780.826(2).

 The dissent provides an impassioned defense of Gahan and disagrees that the Gahan Court ignored this language, but in fact other than quoting this statutory language as part of its background discussion, the Gahan Court did not discuss it or attempt to interpret it or give independent meaning to it; it limited its statement of the question before *419 it as “whether ‘course of conduct’ should be given a broad or narrow construction.” Gahan, 456 Mich at 271. But “[c]ourts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that renders nugatory or surplusage any part of a statute.” People v Couzens, 480 Mich 240, 249; 747 NW2d 849 (2008).
The dissent’s view that the Legislature intended to adopt the unique, common-law meaning of “course of conduct” from People v Gallagher, 55 Mich App 613; 223 NW2d 92 (1974) is unpersuasive. First, as the dissent acknowledges, that rule was not universally followed. See People v Blaney, 139 Mich App 694; 363 NW2d 13 (1984). Second, even in cases purporting to follow Gallagher, its scope was open to interpretation. See People v Seda-Ruiz, 87 Mich App 100, 105; 273 NW2d 602 (1978) (Maher, J., concurring) (“I write separately to state my concern that the record does not reveal that all the bad checks allegedly issued by defendant were made part of the plea agreement. Unless defendant agreed to make restitution for all the checks and the prosecutor agreed not to institute charges on the basis of those checks, defendant may not be required to make restitution for all the checks, but only those listed in the information to which he pled guilty and the information which was nolle prossed as part of the plea agreement. In such a case, of course, the prosecutor would be entitled to bring charges on the basis of the checks which are not part of the plea agreement.”) (emphasis added). We conclude that interpreting the statutory language according to its plain meaning is preferable to concluding that the Legislature selected such language to adopt a standard that was not consistently followed or fully settled.

 Our reading does not read the phrase “course of conduct” out of the statute, as the dissent asserts. Depending on the nature and circumstances of the offense, a single act of “conduct” may be sufficient to give rise to the offense, or a series of acts — i.e., a “course of conduct” — may be necessary. For example, a defendant may be assessed restitution for a conviction for assault with a deadly weapon for firing a gun at a victim and be required to pay the victim’s resulting medical bills, or a defendant may be assessed restitution for a conviction for armed robbery for firing a gun at a victim and taking the victim’s money and be required to pay the victim’s medical bills and repay the money taken from the victim. The latter example involves a “course of conduct” that gives rise to a conviction, and both the defendant’s assault and his theft could result in a restitution award under our decision today.

 “[Sltatutes in pari materia are to be taken together in ascertaining the intention of the legislature, and . .. courts will regard all statutes *421 upon the same general subject matter as part of 1 system.” Dearborn Twp Clerk v Jones, 335 Mich 658, 662; 57 NW2d 40 (1953).

 Because we do not reach the defendant’s constitutional challenge to the restitution award based on Apprendi and its progeny, we do not consider the impact of those cases in our analysis of this factor.