# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

BETSY LOUISE KWASNY,

      Defendant-Appellant.

UNPUBLISHED
February 10, 2015

No. 306784
Berrien Circuit Court
LC No's. 2009-003571-FH
        2009-004979-FH
        2010-005474-FH

ON REMAND

Before: SERVITTO, P.J., and OWENS and GLEICHER, JJ.

PER CURIAM.

This case is before us on remand from our Supreme Court for reconsideration regarding the restitution order, only, in lower court No. 2009-004979-FH in light of the fact that the case this Court relied upon in evaluating the restitution order, *People v Gahan*, 456 Mich 264; 571 NW2d 503 (1997), has now been overruled by our Supreme Court in *People v McKinley*, 496 Mich 410; 852 NW2d 770 (2014). We vacate the restitution order and remand 2009-004979-FH for entry of a new order of restitution that requires defendant to pay $1,200 in restitution.

In *Gahan*, the Supreme Court had discussed the Legislature's use of the term "course of conduct" in MCL 780.766(2)(the criminal restitution statute) and interpreted the phrase broadly, determining that restitution could include losses that were not part of the factual foundation of the charge that resulted in a defendant's conviction. *Gahan*, 456 Mich at 271-272. In *McKinley*, 496 Mich 410, the Supreme Court concluded that such a reading of MCL 780.766(2) was not sustainable.

The *McKinley* Court pointed out that the plain statutory language of MCL 780.766(2) permits the assessment of restitution only "to any victim of the defendant's course of conduct *that gives rise to the conviction* . . . ." and that only crimes for which a defendant is charged could give rise to the conviction. *Id*. at 419 [emphasis in original]. In overruling *Gahan*, the *McKinley* Court thus concluded:

> It follows directly from this premise that any course of conduct that does not give rise to a conviction may not be relied on as a basis for assessing restitution against a defendant. Stated differently, while conduct for which a

-1-

defendant is criminally charged and convicted is necessarily part of the "course of conduct that gives rise to the conviction," the opposite is also true; conduct for which a defendant is *not* criminally charged and convicted is necessarily *not* part of a course of conduct that gives rise to the conviction. [*Id*. at 419-420]

In the instant case, defendant's conduct that gave rise to the criminal charges with respect to 2009-004979-FH was three $400 ATM withdrawals. While there was additional evidence at trial concerning charges defendant likely made on the victims' credit card without their permission, defendant was not charged with or convicted of the unauthorized charges or for any amounts other than the above stated ATM withdrawals. Pursuant to *McKinley* and its interpretation of MCL 780.766(2), the ATM withdrawal amounts are thus the only restitution that the trial court may order defendant to pay in the Everhart case.

The restitution order in 2009-004979-FH is vacated and this case is remanded to the trial court. On remand, the trial court is ordered to enter a new order of restitution that requires defendant to pay $1,200.00 in restitution.[1] We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Donald S. Owens
/s/ Elizabeth L. Gleicher

---

[1] The fees and costs portion of the order remains unchanged.