# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

CANDICE APRIL SORREIS,

       Defendant-Appellant.

UNPUBLISHED
October 10, 2016

No. 327369
Livingston Circuit Court
LC No. 14-022310-FH

---

Before: STEPHENS, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Defendant pleaded no contest to a charge of failure to stop at the scene of an accident resulting in serious impairment or death, MCL 257.617(2). She was sentenced to 30 days in jail and 12 months of probation, and was ordered to pay $730 in fees and costs and $12,011 in restitution for the funeral and burial expenses of Kevin Simon, Jr., who died after defendant struck him with her car. Defendant appeals by leave granted,[1] challenging only the restitution order. Because the funeral and burial expenses were not losses sustained as a result of the offense for which defendant was convicted, we vacate the restitution order.

## I. FACTS AND PROCEDURAL HISTORY

On March 30, 2014, defendant stuck Simon Jr. with her car while driving home from work. Defendant explained that "the police . . . did not assign any hazardous action to" her; she "was abiding traffic laws" and was "not engaged in any type of distracted driving;" and she denied consuming alcohol. But defendant did not stop at the scene of the accident to check on Simon Jr. or render aid. Instead, she left the scene, pulled into a parking lot down the street, called 911, and then went home. The presentence investigation report (PSIR) indicated that

---

[1] We initially dismissed defendant's appeal "for lack of jurisdiction because [she] d[id] not have an appeal of right from the [restitution] order" and directed defendant to "file a delayed application for leave to appeal." *People v Sorreis*, unpublished order of the Court of Appeals, entered April 22, 2015 (Docket No. 326898). We then granted that application, *People v Sorreis*, unpublished order of the Court of Appeals, entered September 10, 2015 (Docket No. 327369).

paramedics found Simon, Jr. "deceased" and "[a]utopsy reports reveal[ed that Simon, Jr.] died instantly from an aortic laceration due to blunt force trauma."

Plaintiff requested $12,011 in restitution for funeral and burial costs to be paid to Simon Jr.'s family and Farm Bureau Insurance Company (FBIC) under the Crime Victim's Rights Act (CVRA), MCL 780.751, *et seq.*, and Const 1963, art 1, § 24. Defendant objected, arguing that restitution should not be ordered because "the crime for which [defendant was convicted] is not related to the cause of death of . . . Simon," Jr. Rather, defendant was "convict[ed of] failing . . . to stay at the scene and to report the accident." The trial court granted restitution, concluding that the CVRA requires that restitution be paid to victims "of [a] defendant's course of conduct" based on "crimes for which a defendant is charged," thereby tying "the defendant's course of conduct to the convicted offense and requir[ing] a causal link between them." The Court reasoned that *People v McKinley*, 496 Mich 410; 852 NW2d 770 (2014), states that restitution must be ordered to compensate for a "loss . . . based on the factual predicate that gives rise to the conviction," and Simon Jr.'s death was "an element or factual predicate" of defendant's conviction, making "the specific loss [of] funeral expenses . . . part of the factual predicate for the conviction" and giving rise to restitution. The trial court concluded that defendant's argument would "render nugatory the language of . . . MCL 780.766[(2)]" and essentially require a finding that there was no "victim in this matter" when, in fact, Simon Jr. "was a victim of a car accident regardless of whether the defendant caused the accident." The trial court could find no language in the CVRA requiring it to "parcel out every element of every crime to determine causation." Finally, the trial court reasoned that the CVRA is a "remedial" statute to be "liberally construed" to "shift the burden of losses arising from criminal conduct as much as possible . . . to the perpetrators of the crime." Therefore, the trial court granted Simon Jr.'s "estate" $9,011 in restitution and ordered that $3,000 in restitution be paid to FBIC.

## II. ANALYSIS

Defendant argues that the restitution order must be vacated because Simon Jr.'s death was not an event resulting from the conduct for which defendant was convicted: prematurely leaving the scene of the accident before complying with MCL 257.619. We agree.

Crime victims are entitled to restitution under both the Michigan Constitution and the CVRA. The Michigan Constitution explains that "[c]rime victims, as defined by law, shall have the following rights, as provided by law: . . .[including t]he right to restitution," further explaining that "[t]he legislature may provide by law for the enforcement of this section." Const 1963, art 1, § 24. Accordingly, the Legislature enacted the CVRA, MCL 780.751, *et seq.*, which explains when restitution may be awarded to a crime victim. "The proper application of . . . statutes authorizing the assessment of restitution at sentencing is a matter of statutory interpretation, which [this Court] review[s] de novo." *McKinley*, 496 Mich at 414-415.

MCL 780.766 of the CVRA governs restitution. MCL 780.766(1) defines a victim as "an individual who suffers direct . . . physical, financial, or emotional harm *as a result of the commission of a crime.*" (Emphasis added.) MCL 780.766(7) goes on to explain that "[i]f the victim is deceased or dies, the court shall order that the restitution . . . be made to those entitled to inherit from the victim's estate." Under the CVRA, a defendant must "make full restitution to *any victim of the defendant's course of conduct that gives rise to the conviction* or to the victim's

estate." MCL 780.766(2) (emphasis added). The statute further explains that "[i]f a crime results in physical . . . injury to a victim, the order of restitution shall require that the defendant do 1 or more of the following, as applicable: . . . [p]ay an amount equal to the cost of actual funeral and related services." MCL 780.766(4)(f). The "prosecuting attorney" must prove "by a preponderance of the evidence" "the amount of restitution to order" under MCL 780.766 "consider[ing] *the amount of the loss sustained by any victim as a result of the offense*." MCL 780.767 (emphasis added).

The Courts in *McKinley* and *People v Corbin*, 312 Mich App 352; ___ NW2d ___ (2015) recently interpreted these provisions. " 'The first step when interpreting a statute is to examine its plain language.' " *McKinley*, 496 Mich at 415, quoting *Ter Beek v City of Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014). Courts " 'must give effect to every word, phrase, and clause in a statute and avoid an interpretation that renders nugatory or surplusage any part of a statute.' " *Id*. at 419 n 9, quoting *People v Couzens*, 480 Mich 240, 249; 747 NW2d 849 (2008). "If the statutory language is unambiguous, no further judicial construction is required or permitted." *Id*. at 415.

The Court in *McKinley, id*. at 413, specifically considered "whether a trial court's restitution award . . . based solely on uncharged conduct may be sustained." The defendant was ordered to pay restitution for crimes committed by an accomplice; the defendant was not charged with these crimes. *Id* at 413-414, 413 n 2. The Court considered the CVRA's direction that defendants must "make full restitution to *any victim of the defendant's course of conduct that gives rise to the conviction*," MCL 780.766(2) (emphasis added), as a whole. *Id*. at 419-420. In doing so, it concluded that the phrase "gives rise to the conviction" means " 'to produce or cause' " the conviction. *Id*. at 419, quoting *Random House Webster's College Dictionary* (2000). Therefore, "[o]nly crimes for which a defendant is charged cause or give rise to the conviction. Thus, the statute ties the defendant's course of conduct to the convicted offenses and requires a causal link between them." *Id*. (internal quotations omitted). Accordingly, "any course of conduct that does not give rise to a conviction may not be relied on as a basis for assessing restitution." *Id*.

Further, *McKinley, id*. at 421, held that "MCL 780.766(2) requires a direct, causal relationship between the conduct underlying the convicted offense and the amount of restitution to be awarded." It explained that the CVRA "requires that any victim be a victim of the defendant's course of conduct giving rise to the conviction, indicating that a victim for whom restitution is assessed need also have a connection to the course of conduct that gives rise to the conviction." *Id*. at 420 (internal quotations omitted). It reached this conclusion by considering the CVRA "*in pari materia,*" specifically noting that "MCL 780.767(1) provides that '[i]n determining the amount of restitution to order . . . , the court shall consider the amount of the loss sustained by any victim *as a result of the offense*.' " *Id*. at 420-421 (emphasis in *McKinley*; altered in *McKinley*; ellipsis added).

The Court in *Corbin* first considered whether some of the defendant's "illegal acts . . . g[a]ve rise to defendant's convictions." 312 Mich App at 354. Defendant was charged with four counts of "second-degree criminal sexual conduct (CSC)" involving two separate victims, but defendant was only convicted of CSC involving one victim. *Id*. at 355. The Court found that the trial court erred in ordering defendant to pay restitution to both victims because defendant was

-3-

not convicted of sexually abusing two victims; he was only convicted for sexually abusing one. *Id*. at 354, 362. Therefore, it vacated the portion of the restitution order giving restitution to a victim that defendant was not convicted of harming. *Id*.

Second, the Court in *Corbin* considered whether the part of defendant's restitution order to pay future losses to the victim he was convicted of abusing "represent[ed] 'easily ascertainable' or 'measurable' losses." *Id.* at 362. The Court concluded that "[t]he CVRA . . . permits a[ restitution] award only for losses factually and proximately caused by the defendant's offense." *Id*. at 369. It explained that a "restitution award [must be] predicated on . . . 'direct' harm . . . sustained 'as a result of the commission of a crime.' " *Id*. at 368-369, quoting MCL 780.766(1). Stated differently, the Court wrote that " 'MCL 780.766(2) requires a direct, causal relationship between the conduct underlying the convicted offense and the amount of restitution to be awarded,' " *id*. at 369, quoting *McKinley*, 496 Mich at 421, as shown by the CVRA's "instruct[ion to] a sentencing court to consider ' "the amount of loss sustained by any victim as a result of the offense," ' " *id*., quoting *McKinley*, 496 Mich at 421, quoting MCL 780.767(1).

The interpretations of the CVRA's restitution provisions in *McKinley* and *Corbin* overruled this Court's previous interpretation as articulated in *People v Gahan*, 456 Mich 264; 571 NW2d 503 (1997), overruled by *McKinley*, 496 Mich at 410. The Court in *Gahan* held that trial courts can order restitution under MCL 780.766(2) of the CVRA for "any victim of [a] defendant's illegal scheme" "even though the specific criminal acts committed against some of the[ ] victims were not the basis of the defendant's conviction" and even though the "losses [included] were not the specific factual predicate of the defendant's conviction." *Id*. at 265, 273, 277-278. The Court reached this conclusion by focusing on only a portion of MCL 780.766(2)'s restitution directive, specifically, the phrase that restitution may be ordered to victims of a defendant's "course of conduct." *Id*. at 271. The Court determined that the clause "should be given the broad meaning" and that a "defendant should compensate for all the losses attributable to [an] illegal scheme that culminated in his conviction, even [if] some of the losses were not the factual foundation of the charge that resulted in conviction." *Id*. at 272.

But *McKinley* pointed out that *Gahan* "devoted no attention to the modifying phrase 'that gives rise to the conviction.' " 496 Mich at 418, quoting MCL 780.766(2). Therefore, the Court concluded that the *Gahan* Court's analysis was "incomplete" and inaccurate. *Id*. at 418-420, 422. Thus, it "overruled [*Gahan*] to the extent that it held that MCL 780.766(2) 'authorizes the sentencing court to order criminal defendants to pay restitution to all victims, even if those specific losses were not the factual predicate for the conviction.' " *Id*. at 424, quoting *Gahan*, 456 Mich at 270.

*McKinley* and *Corbin*'s interpretation of the CVRA's restitution provisions govern this case. As explained in *McKinley*, 496 Mich at 419-420, restitution can only be ordered as a result of conduct for which a defendant is charged and convicted. In this case, there was no "direct, causal relationship between the conduct underlying [defendant's] convict[ion] . . . and the amount of restitution to be awarded." *Id*. at 421. The funeral and burial expenses were not "loss[es] sustained . . . *as a result of the offense*," *id*. at 420-421 (emphasis in *McKinley*).

Defendant was only charged for and convicted of violating MCL 257.617(2). MCL 257.617(2) makes it a felony when a driver "who knows or who has reason to believe that . . .

-4-

she has been involved in an accident" that "*results in* serious impairment of a body function or death" does not "immediately stop . . . her vehicle at the scene of the accident and . . . remain there until" she complies with MCL 257.619. MCL 257.617(1) and (2) (emphasis added). MCL 257.619 requires such a driver to do three things: (1) "[g]ive . . . her name and address, and the registration number of the vehicle . . . she is operating, including the name and address of the owner, to a police officer, the individual struck, or the driver or occupants of the vehicle with which . . . she has collided"; (2) "[e]xhibit . . . her operator's or chauffeur's license to a police officer, individual struck, or the driver or occupants of the vehicle with which . . . she has collided"; and (3) "[r]ender to any individual injured in the accident reasonable assistance in securing medical aid or arrange for or provide transportation to any injured individual."

MCL 257.617(2) contains no requirement that the defendant "cause" death. Rather, the "plain language" of the statute, *McKinley*, 496 Mich at 415, simply requires that death "results" from the accident. MCL 257.617(2). Defendant's crime was leaving the scene of the accident without complying with MCL 257.619. She did not remain at the scene until she had produced her contact information, produced her driver's license, or provided Simon Jr. aid. MCL 257.617(2); MCL 257.619. Instead, she provided her contact information to authorities from a separate location and did not render Simon Jr. aid.

Not only did the crime that defendant was charged with and pleaded no contest to not require defendant to cause Simon Jr.'s death, but the underlying facts suggest that defendant's *criminal conduct* did not *cause* Simon Jr.'s death. Had defendant remained at the scene to provide Simon Jr. aid, he still would have passed away since he died instantly from "an aortic laceration due to blunt force trauma." Plaintiff does not dispute this fact. Therefore, a restitution award for funeral and burial expenses was *not* "predicated on . . . 'direct' harm . . . sustained 'as a result of the commission of a crime.' " *Corbin*, 312 Mich App at 368-369, quoting MCL 780.766(1). Stated differently, " 'but for' the defendant's" crime of violating MCL 257.617(2), Simon Jr. still would have passed away and his estate still would have incurred funeral and burial expenses. *Id*., quoting *Schaefer*, 473 Mich at 435-436 (quotation omitted). The broader application of the CVRA's section MCL 780.766(2) giving rise to a restitution order advocated by plaintiff and ordered by the trial court has been overruled, *McKinley*, 496 Mich at 424. Thus, because the funeral and burial expenses were not "loss[es] sustained . . . *as a result of the offense*" of MCL 257.617(2), the trial court erred in awarding restitution for those expenses and its order must be vacated. *Id*. at 420-421 (emphasis in *McKinley*).[2] We note that the trial court ordered that defendant pay the restitution into an escrow account. Accordingly, any monies paid by defendant and held in the escrow account must be returned to defendant.

---

[2] Because we vacate the order in its entirety, we do not consider plaintiff's argument that the trial court abused its discretion in awarding $3,000 in restitution to FBIC.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Elizabeth L. Gleicher