# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JONATHAN JOSEPH GOOD,

      Defendant-Appellant.

UNPUBLISHED
February 23, 2017

No. 329177
Mecosta Circuit Court
LC No. 08-006437-FC

Before: BORRELLO, P.J., and MARKEY and M. J. KELLY, JJ.

BORRELLO, J. (*concurring in part and dissenting in part*).

In this matter the majority denied defendant relief for damages arising out of a break-in to the Ace Gun Shop on the basis that such relief was beyond the scope of the remand order. While I do not disagree with the basis provided for the decision reached by the majority, because I am of the opinion that precedent from our Supreme Court clearly states that Ace Gun Shop is not entitled to restitution, I write separately to provide an alternative basis for relief.

MCR 7.216(A)(7) empowers this Court to "enter any judgement or order or grant further relief or different relief as the case may require." My review of the record submitted in this matter leads me to conclude that defendant was not charged with breaking and entering into the Ace Gun Shop, yet he was ordered to pay restitution to Ace Gun Shop for damages incurred as a result of defendant's alleged actions. This is contrary to our Supreme Court's holding in *People v McKinley*, 496 Mich 410, 413; 852 NW2d 770 (2014) wherein our Supreme Court stated: "In this case, we decide whether a trial court's restitution award that is based solely on uncharged conduct may be sustained. We conclude that it cannot." Our Supreme Court defined "uncharged conduct" as " . . . criminal conduct that the defendant allegedly engaged in that was not relied on as a basis for any criminal charge and therefore was not proved beyond a reasonable doubt to a trier of fact." 496 Mich at 413 n.1.

Here, defendant was not charged, much less convicted, of any damage to the Ace Gun Shop. However, the trial court in this matter ordered defendant to pay restitution for uncharged conduct. Such a ruling is in direct contravention of our Supreme Court's ruling in *McKinley*. Therefore, I respectfully dissent on this issue and pursuant to *McKinley*, 496 Mich at 413 and MCR 7.216(A)(7), I would vacate that portion of the restitution order imposed on defendant relating to the Ace Gun Shop.

I concur with the majority in the remainder of their opinion.

/s/ Stephen L. Borrello