# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 17, 2017

Plaintiff-Appellee,

v

No. 332730
Oakland Circuit Court
LC No. 2015-255404-FH

ANDRE EDWARD FRANKLIN,

Defendant-Appellant.

Before: SHAPIRO, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his plea-based conviction of first-degree retail fraud, MCL 750.356c. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 27 months to 20 years' imprisonment. Defendant's appeal is focused solely on the trial court's decision ordering him to pay $2,523.70 in restitution. We affirm in part and reverse in part.

At the plea hearing, the parties stipulated to using a police report to establish the factual basis for the plea. The police report indicates that a Meijer store surveillance video showed defendant and a female companion stealing 12 liquor bottles from the store on October 14, 2014. The police report also indicates that defendant and his companion were suspected in other liquor thefts that occurred on October 10, 11, 15, and 27 of 2014. The total value of the stolen liquor in all five cases was reported to be $2,523.70. At sentencing, the trial court ordered defendant to pay that amount in restitution. Defendant did not object. Almost six months later, defendant filed a motion to correct restitution contending that the total restitution amount of $2,523.70 erroneously included $1,375.07 for "uncharged conduct." The trial court denied defendant's motion.

---

[1] *People v Franklin*, unpublished order of the Court of Appeals, entered June 7, 2016 (Docket No. 332730).

On appeal, defendant argues that the trial court erroneously ordered him to pay restitution for uncharged conduct.[2] Although defendant concedes that the trial court correctly imposed $1,148.63 in restitution for the thefts on October 10, 2014 and October 26, 2014, he contends that the remaining $1,375.07 should be vacated because the language of the Michigan restitution statute, MCL 780.766(2), prohibits imposing restitution for uncharged conduct. MCL 780.766(2) provides as follow:

> Except as provided in subsection (8), when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate. For an offense that is resolved by assignment of the defendant to youthful trainee status, by a delayed sentence or deferred judgment of guilt, or in another way that is not an acquittal or unconditional dismissal, the court shall order the restitution required under this section.

Defendant's argument is centered on *People v McKinley*, 496 Mich 410; 852 NW2d 770 (2014). In *McKinley*, the Supreme Court explained that "conduct for which a defendant is criminally charged and convicted is necessarily part of the course of conduct that gives rise to the conviction." *Id.* at 420. Conversely, the Court continued, "conduct for which a defendant is *not* criminally charged and convicted is necessarily *not* part of a course of conduct that gives rise to the conviction." *Id.* In other words, restitution based on "uncharged conduct," which the Court defined as "criminal conduct that the defendant allegedly engaged in that was not relied on as a basis for any criminal charge and therefore was not proved beyond a reasonable doubt to a trier of fact," *id.* at 413 n 1, cannot be sustained. *Id.* at 413, 421.

Defendant's conviction was based on the aggregate value of all the thefts he committed at the store between October 10, 2014 and October 26, 2014. This charge is consistent with MCL 750.356c(3) which provides for charging based on aggregate values in a course of conduct within any 12 month period. The felony information states that the charged felony was committed "[b]etween October 11, 2014 and October 26, 2014." At the plea hearing, the following exchange took place:

> *The court*: Because this is a plea of no contest I will not question you with regard to your participation in the crime but[,] for purposes of ascertaining the court's jurisdiction to accept the plea can you confirm for me that the incidents from which this case arose occurred on or about October 11th through October 26th of 2014 in Auburn Hills?
>
> *Defendant*: Yes.

---

[2] "The proper application of MCL 780.766(2) and other statutes authorizing assessment of restitution at sentencing is a matter of statutory interpretation, which we review de novo." *People v McKinley*, 496 Mich 410, 414-415; 852 NW2d 770 (2014).

Contrary to defendant's assertion, the police report does provide support for the challenged portion of the award. Although it only specifies the number of items stolen on October 14, 2014, it states that the total amount stolen by defendant and his female companion from the store during the relevant period is $2,523.70.

Defendant's argument that his restitution should be reduced by $1,305.07 therefore fails. However, defendant correctly points out that $176.85 of the assessment arose out of a theft committed solely by his female companion. The assessment should therefore be reduced by that sum.

Defendant also argues that Michigan's restitution scheme is unconstitutional because it permits restitution based on facts never submitted to a jury or proven beyond a reasonable doubt. This question was recently considered in *People v Foster*, 319 Mich App 365, ___; ___NW2d___ (2017); slip op at 10-11, where it was rejected on the grounds that restitution is not punishment. Also, in *People v Corbin*, 312 Mich App 352, 373 n 5; 880 NW2d 2 (2015), we concluded that "[n]othing in *Lockridge*[3] suggests that its reasoning [regarding sentencing guidelines] encompasses restitution orders entered in conjunction with sentencing." Pursuant to MCR 7.215(C)(2),(J)(1) we are bound by *Corbin* and *Foster*, and so reject defendant's argument.

We remand for the ministerial task of vacating $176.85 from the restitution order and affirm the remaining award. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly

[3] *People v Lockridge*, 498 Mich 358, 389, 399; 870 NW2d 502 (2015).