# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
February 22, 2018

v

No.  331246
Midland Circuit Court
LC No.  14-005917-FH

RUTH ANN SUTTON,

Defendant-Appellant.

Before:  CAVANAGH, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of forgery, MCL 750.248, in Midland Circuit Court.  The court sentenced defendant to 24 months to 28 years' imprisonment and ordered restitution in the amount of $2,250.  Defendant sought leave to appeal, challenging the order of restitution, which this Court denied.[1]  In lieu of granting leave to appeal, our Supreme Court remanded the case to this Court for consideration as on leave granted.[2]  We vacate the Midland Circuit Court's order of restitution and remand for amendment of the judgment of sentence consistent with this opinion.

Defendant was part of a cleaning crew that cleaned the victim's house located in Saginaw County.  In late October 2014, defendant allegedly took two checkbooks and a watch from the victim's house.  Defendant then wrote a check to herself from the victim for $3,000 and signed the victim's name to the check without the victim's permission.  A teller at a bank located in Midland County was not able to match defendant's forged signature to the victim's signature on file.  A bank supervisor contacted the victim, who denied writing a check to defendant.  The bank retained the check and turned defendant away without payment.

Subsequently, defendant was arrested and charged in Midland County with forgery and uttering and publishing.  She was charged in Saginaw County for larceny in a building for allegedly stealing the checkbooks and the watch.

---

[1] *People v Sutton*, unpublished order of the Court of Appeals, entered March 30, 2016 (Docket No. 331246).

[2] *People v Sutton*, 500 Mich 945; 890 NW2d 362 (2017).

On January 15, 2015, a plea hearing was held in Midland Circuit Court. The terms of the plea were that defendant would plead guilty to forgery as a habitual offender third offense, and the prosecutor would dismiss the uttering and publishing count and habitual offender fourth offense, but defendant would have to pay "full restitution." Defendant accepted the plea and the matter was set for sentencing. On February 26, 2015, a sentencing hearing was held in Midland Circuit Court at which defendant was sentenced to 24 months to 28 years in prison, and ordered to pay the victim restitution in the amount of $2,000.

On May 21, 2015, a plea hearing was held in Saginaw Circuit Court. The terms of the plea were that defendant would plead guilty to larceny in a building as a habitual offender fourth offense, and the prosecutor would recommend that her sentence be concurrent with that imposed by the Midland Circuit Court. Defendant accepted the plea, but during questioning by the court stated that she only took one bank check and did not see a watch. The Saginaw court clarified the factual basis for the plea:

THE COURT: And you saw some property in this home?

THE DEFENDANT: Yes.

THE COURT: Watch and checks?

THE DEFENDANT: Checks.

THE COURT: And no watch?

THE DEFENDANT: I didn't see the watch, no.

THE COURT: But there was some checks and you took some checks?

THE DEFENDANT: One.

THE COURT: One check and you know that was a no-no?

THE DEFENDANT: Right.

THE COURT: And you know you were doing something wrong?

THE DEFENDANT: Right.

THE COURT: You knew you didn't have permission to do that?

THE DEFENDANT: Right.

Thereafter, no additional questions regarding the factual basis for the larceny charge were asked of defendant and the matter was set for sentencing.

On August 24, 2105, defendant filed a motion for resentencing in the Midland Circuit Court challenging, in part, the restitution of $2,000 that was ordered because it was based on her

criminal conduct in Saginaw County not Midland County. That is, defendant only pleaded guilty to forgery in Midland County, not larceny. At the hearing on the motion, the court was told that the Saginaw County prosecutor did not seek restitution because the Midland Circuit Court had ordered full restitution and it would be improper to "double dip" on that matter. The Midland Circuit Court agreed with defendant that the judgment of sentence should be amended "so that it's zero dollars in restitution here in Midland" or, the court noted, a restitution hearing could be held to determine what costs are actually associated with the victim's losses. The prosecuting attorney opted for the restitution hearing and defense counsel made no objection.

On December 3, 2015, a restitution hearing was held in Midland Circuit Court. Before testimony was taken, defense counsel objected to the admission of testimony or evidence relative to any criminal conduct that occurred in Saginaw County. In response, the prosecuting attorney indicated that Saginaw County did not seek restitution because Midland County had already ordered restitution; however, the Saginaw County prosecutor would file a motion for resentencing regarding the restitution issue if necessary. The prosecutor then indicated that he was asking the court to leave restitution as ordered for reasons of judicial economy and the detrimental reliance of Saginaw County on the order of restitution. Defendant's counsel replied that case law prevented the Midland Circuit Court from imposing restitution related to the Saginaw County case. Further, defense counsel argued, defendant consistently denied taking the watch, including at the plea hearing. The prosecutor agreed that defendant had denied taking the watch, stating: "I don't think there's proofs on the record that she did take the watch, that's something I agree with [defense counsel] has to be decided by a Saginaw Judge possibly." But the prosecutor argued that the hearing should proceed to establish the *amount* the victim was requesting in restitution—whether or not the Saginaw Court actually orders "that amount based on whether she's culpable for the watch or not." The Midland Circuit Court agreed that, since the victim and defendant were both in court, testimony should be taken to establish the amount of restitution requested.

Thereafter, the victim testified that the items taken from his house located in Saginaw County were two checkbooks with 50 checks each and a Wittnauer watch which was valued at about $2,000. He also had to pay $200 to have his door locks changed, and $50 to order new checks. Thus, the victim requested $2,250 in restitution. Following the victim's testimony, defense counsel again objected to the Midland Circuit Court imposing restitution for the watch, the door locks, and the new checks because these matters are properly determined by the Saginaw Circuit Court. Further, defendant did not plead guilty to stealing the watch; thus, the Saginaw Court would have to revisit that issue. The Midland Circuit Court agreed that there was a discrepancy as to whether defendant pleaded guilty to stealing the watch in the Saginaw Court. Nevertheless, the court noted that Saginaw County did not impose restitution because of the restitution order entered by the Midland Circuit Court. Thus, the court entered an order of restitution in the amount of $2,250, holding that "nobody is prejudiced by ordering restitution of the amounts requested by [the victim] through Midland County, which would be the $2,250.00." The judgment of sentence was amended accordingly.

On appeal, defendant argues that the Midland Circuit Court erred in ordering restitution because the victim's damages could not be attributed to her course of conduct underlying the crime of forgery for which she was charged and convicted in Midland County. We agree.

-3-

"The proper application of MCL 780.766(2) and other statutes authorizing the assessment of restitution at sentencing is a matter of statutory interpretation, which we review de novo." *People v McKinley*, 496 Mich 410, 414-415; 852 NW2d 770 (2014).

Michigan's restitution statute, MCL 780.766(2), states in relevant part:

[W]hen sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction[.]

In *McKinley*, our Supreme Court began its analysis by stating: "The statute does not define 'gives rise to,' but a lay dictionary defines the term as 'to produce or cause.'" *McKinley*, 496 Mich at 419 (citation omitted). The *McKinley* Court continued:

[T]he statute ties "the defendant's course of conduct" to the convicted offenses and requires a causal link between them. It follows directly from this premise that any course of conduct that does not give rise to a conviction may not be relied on as a basis for assessing restitution against a defendant. Stated differently, while conduct for which a defendant is criminally charged and convicted is necessarily part of the "course of conduct that gives rise to the conviction," the opposite is also true; conduct for which a defendant is *not* criminally charged and convicted is necessarily *not* part of a course of conduct that gives rise to the conviction. [*Id.* at 419-420.]

In this case, defendant was convicted in Midland County of forgery based on her guilty plea. The forgery charge and conviction were based on defendant's course of conduct of writing herself a check and signing the victim's name to it without the victim's permission, with the intent to defraud the bank and the victim out of $3,000. See *People v Kaczorowski*, 190 Mich App 165, 171; 475 NW2d 861 (1991) (citation omitted; setting forth the elements of forgery). That is, defendant signing the victim's name on the check produced or caused the charge and conviction of forgery—there was a causal link between them.

However, defendant was not criminally charged or convicted in Midland County of larceny. Because defendant was not charged or convicted of larceny in Midland County, the larceny was "necessarily not part of a course of conduct that gives rise to the conviction" for *forgery*. See *McKinley*, 496 Mich at 419-420. That is, defendant's course of conduct of allegedly stealing the watch in Saginaw County did not produce or cause the charge or conviction for forgery in Midland County. This analysis also applies to the restitution amount attributed to the victim changing the locks on the doors to his house located in Saginaw County. However, defendant admits in her brief on appeal that she is "responsible for restitution for checkbook replacement costs only, as the bank was located in Midland County;" thus, restitution should be ordered in the amount of $50 which was the victim's cost to order new checks.

In summary, the Midland Circuit Court erred in ordering restitution based on a course of conduct that did not give rise to defendant's charge or conviction for forgery. In light of our disposition of this issue, defendant's ineffective assistance of counsel claim is moot and need not

be addressed. Accordingly, we vacate the trial court's order of restitution in the amount of $2,250, and remand for amendment of the judgment of sentence consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering