# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 31, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

158716

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                                            SC:  158716
                                                            COA:  334205
                                                           Wayne CC:  16-003006-FH

GARY GILMORE,
      Defendant-Appellant.

_____/

On December 11, 2019, the Court heard oral argument on the application for leave to appeal the September 25, 2018 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, and we REMAND this case to the Wayne Circuit Court for an evidentiary hearing regarding the amount of restitution.

Defendant pleaded guilty to organized retail crime and using a computer to commit a crime. In exchange, the prosecutor agreed to dismiss three other pending charges and a habitual-offender notice. The parties also agreed that defendant's sentence would be 3½ years of probation and that he would pay restitution of $18,000.80. Defendant disputed the amount of restitution and requested a restitution hearing. The trial court essentially refused, forcing defendant to accept the restitution amount to gain the benefits of the agreement. Defendant acquiesced. In establishing the factual basis of the offense, defendant admitted that he switched tags on merchandise in a store, obtaining a good he believed was valued at $169 for some lesser amount. The presentence investigation report indicated the value could have been as much as $199.

However, the court ultimately refused to follow the agreement at sentencing. The court told defendant the original agreement had been "stricken" and described the defendant's alternative to facing trial:

Well, there is no actual offer, the only thing that's on the table right now are guidelines except for the fact that the People are desirous of withdrawing the habitual fourth and dismissing Counts 3, 4, and 5 at the time of sentencing, that's it.

Defendant agreed, and the court sentenced defendant to concurrent terms of 5 years of probation, and 2½ to 7 years in prison. The court also ordered defendant to pay $18,000.80 in restitution. With no agreement in place regarding restitution, the court was required to resolve the dispute over the proper amount of restitution by a preponderance of the evidence. MCL 780.767(4). Because the trial court failed to do so, defendant is entitled to a remand for this determination.

Even if the error were unpreserved, the record evidence—the factual basis for defendant's conviction and the information from the presentence investigation report—indicates the court plainly erred. The loss to the merchant for the charged offense was, at most, $199. To the extent that the record contains information that defendant may have committed other offenses, restitution may not be imposed for uncharged conduct. *People v McKinley*, 496 Mich 410, 419-420 (2014) (holding that "any course of conduct that does not give rise to a conviction may not be relied on as a basis for assessing restitution against a defendant" under MCL 780.766(2)). We have little trouble seeing that the trial court erred, the error was plain, and that the error affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 763 (1999). Further, the fairness of the proceeding was seriously affected given the trial court's failure to conduct a restitution hearing under the circumstances. See *id.* at 763-764.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 31, 2020



s0128

Clerk