*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JIMMIE LEE GERMAIN,

      Defendant-Appellant.

UNPUBLISHED
December 29, 2022

No. 359236
Chippewa Circuit Court
LC No. 20-005229-FH

Before: PATEL, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Defendant pleaded guilty to one charge of tampering with evidence, MCL 750.483a(6)(b) and was sentenced to 3 years' and 4 months' to 10 years' imprisonment and was ordered to pay an amount of restitution to the victim's family. He appeals by leave granted[1] the imposition of restitution because his actions did not cause the victim's death. We vacate the portion of the order requiring restitution for cremation costs and remand for further proceedings regarding restitution for the victim's utility bills.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On March 1, 2019, defendant was visiting the victim's home. Both men injected heroin via syringe, which caused the victim to overdose. Defendant told police that he "panicked"—he broke his cell phone and threw it into a snowbank with his syringe. Defendant then called emergency services on the victim's phone. The victim had died by the time first-responders arrived. A law enforcement officer observed defendant talking on the victim's cell phone, but it was not recovered until several months later when a family member of the victim located it in the victim's home. Though the phone was broken in half, officers recovered data showing defendant's

---

[1] *People v Germain*, unpublished order of the Court of Appeals, entered January 14, 2022 (Docket No. 359236).

-1-

call to 911.  Defendant pleaded guilty to tampering with evidence and was sentenced as noted.  This appeal followed.

## II.  RESTITUTION

Defendant argues the trial court erred in ordering him to pay restitution to the victim's family for cremation costs and utility bills.  We agree in part and disagree in part.

## A.  PRESERVATION AND STANDARD OF REVIEW

Defendant challenges the trial court's order requiring restitution for the victim's cremation costs and utility bills.  Defendant's arguments regarding the cremation costs are preserved because these arguments were raised in the trial court.  *People v Foster*, 319 Mich App 365, 371; 901 NW2d 127 (2017).  Defendant did not challenge in the trial court the imposition of restitution for the victim's utility bills.  Therefore, the question of restitution for the utility bills is unpreserved. *Id*.

A trial court's application of statutes authorizing restitution is reviewed de novo.  *People v McKinley*, 496 Mich 410, 414-415; 852 NW2d 770 (2014).  "The first step when interpreting a statute is to examine its plain language, which provides the most reliable evidence of intent.  If the statutory language is unambiguous, no further judicial construction is required or permitted."  *Id*. at 415 (quotation marks and citation omitted).

The trial court's factual findings are reviewed for clear error.  *People v Fawaz*, 299 Mich App 55, 64; 829 NW2d 259 (2012).  "A finding is clearly erroneous if, after reviewing the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Barritt*, 325 Mich App 556, 561; 926 NW2d 811 (2018) (quotation marks and citation omitted).  Its findings as to the amount of restitution are reviewed for an abuse of discretion. *Foster*, 319 Mich App at 374.  "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes."  *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).  Defendant's unpreserved argument is reviewed for plain error.  *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).  "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights."  *Id*.  An error affects substantial rights when it affects "the outcome of the lower court proceedings."  *Id*.

## B.  LAW AND ANALYSIS

Crime victims have a constitutional right to compensation.  Const 1963, art 1, § 24.  To further this purpose, the Legislature enacted the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq.*, which "enable[s] victims to be compensated fairly for their suffering at the hands of convicted offenders."  *People v Crigler*, 244 Mich App 420, 423; 625 NW2d 424 (2001).  MCL 780.766(1) defines "victim," for purposes of ordering restitution as "an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime."  MCL 780.766(2) states, in relevant part:

> [W]hen sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any

other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate. . . .

" '[R]estitution is not intended to provide a windfall for crime victims but rather to ensure that victims, to the greatest extent possible, are made whole for their losses.' " *People v Corbin*, 312 Mich App 352, 370; 880 NW2d 2 (2015), quoting *United States v Huff*, 609 F3d 1240, 1249 (CA 11, 2010) (alteration omitted). A victim may only recover "for losses factually and proximately caused by the defendant's offense." *Corbin*, 312 Mich App at 369. "MCL 780.766(2) requires a direct, causal relationship between the conduct underlying the *convicted offense* and the amount of restitution to be awarded." *McKinley*, 496 Mich at 421 (emphasis added). To determine whether a defendant's actions are a proximate cause, a trial court should consider whether the victim's injury was a " 'direct and natural result' of the defendant's actions." *Corbin*, 312 Mich App at 369. In other words, the court must ask whether, " 'but for' the defendant's conduct, would the result have occurred?" *Corbin*, 312 Mich App at 369 (quotation marks and citation omitted).

Defendant pleaded guilty to one charge of tampering with evidence. A person may be found guilty of tampering with evidence if they "[k]nowingly and intentionally remove, alter, conceal, destroy, or otherwise tamper with evidence to be offered in a present or future official proceeding." *People v Walker*, 330 Mich App 378, 386; 948 NW2d 122 (2019), quoting MCL 750.483a(5)(a). Again, under MCL 780.766(2), there must be a direct and causal relationship between the victim's injury and the convicted offense. *McKinley*, 496 Mich at 421.

With respect to restitution for cremation costs, there is no such relationship. Defendant's acts of breaking two cell phones and throwing a syringe into a snowbank were not the proximate cause of the victim's death. This conduct occurred after the victim had overdosed and the victim would have died regardless of these actions. The but-for cause of the victim's death was his use of heroin, not defendant's tampering with evidence. Thus, the trial court erred in imposing restitution for cremation costs.

What is unclear, however, is the imposition of restitution for the victim's utility bills. At sentencing, the victim's sister gave a victim-impact statement alleging that defendant took cash from the victim that the victim intended to use to pay his utility bills, and that defendant claimed the money was his. Given this, the trial court ordered defendant to pay restitution to the victim's family for the utility bills. We remand this issue to the trial court because we cannot tell from the record whether there is a direct and causal relationship between defendant's conviction and the utility bills.

We vacate the trial court's imposition of restitution for cremation costs and remand this case to the trial court for further proceedings regarding restitution for the victim's utility bills. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Thomas C. Cameron
/s/ Anica Letica