# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v LEWIS

Docket No. 156092. Decided December 27, 2018.

Robert D. Lewis was convicted in the Macomb Circuit Court of one count of first-degree criminal sexual conduct, MCL 750.520b, and five counts of second-degree criminal sexual conduct, MCL 750.520c, for sexually assaulting his live-in girlfriend's daughters. The court, Richard L. Caretti, J., sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years' imprisonment for the first-degree criminal sexual conduct conviction and to 200 to 360 months' imprisonment for the second-degree criminal sexual conduct convictions. The court also assessed $4,500 in costs and fees, representing $3,625 for attorney fees and $875 as a separate judgment. Defendant appealed, challenging his convictions and the amount of attorney fees assessed against him. The Court of Appeals affirmed defendant's convictions and sentences in an unpublished per curiam opinion, issued May 18, 2018 (Docket No. 331513), holding that the trial court properly awarded attorney fees without making findings of fact regarding the award of attorney fees because the language of MCL 769.1k(1)(b)(*iii*) and (*iv*) of the Code of Criminal Procedure, MCL 760.1 *et seq*., was clear such that a separate calculation of costs was not required. Defendant sought leave to appeal in the Supreme Court.

In a unanimous per curiam opinion, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

MCL 769.1k(1)(b)(*iii*) provides, in pertinent part, that if a court determines after a hearing or trial that the defendant is guilty, the court may impose any costs reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case. MCL 769.1k(1)(b)(*iv*) provides, in pertinent part, that if a court determines after a hearing or trial that the defendant is guilty, the court may impose the expenses of providing legal assistance to the defendant. The inclusion of the language "without separately calculating those costs involved in the particular case" under Subparagraph (*iii*) evidenced the Legislature's intent that the provision apply only to that subparagraph. Inclusion of average-costs language in Subparagraph (*iii*)—rather than the Subdivision (b) umbrella—further suggested that the Legislature intended to create an exception to the default rule of Subdivision (b); if the exception permits costs without separate calculation, then logically the default rule must require that costs be separately calculated for the particular case. Moreover, MCL 769.1k(1)(b)(*iii*) does not include attorney fees in its list of the kinds of costs that do not have to be separately calculated for the particular defendant; although this list is nonexclusive,

the costs of providing legal assistance to a defendant are logically distinguishable from the costs enumerated in Subparagraph (*iii*), in part because to include legal-assistance costs among Subparagraph (*iii*) costs would be to render Subparagraph (*iv*) surplusage.  Moreover, the costs laid out under Subparagraph (*iii*) are all fairly standard expenses for a court's operations, tend not to vary significantly by case, and are not affected by any particular case; in contrast, attorney fees can vary greatly among defendants depending on a variety of circumstances, such as the nature and number of criminal charges.

Part V of the Court of Appeals' opinion reversed; case remanded to the trial court for that court to support its findings regarding the cost of providing legal assistance to defendant.

©2018 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

FILED December 27, 2018

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

      No. 156092

ROBERT DESHAWN LEWIS,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH

PER CURIAM.

At issue is whether a sentencing court may impose attorney fees upon a defendant under MCL 769.1k(1)(b)(*iv*) of the Code of Criminal Procedure, MCL 760.1 *et seq.*, without first making findings of fact in support of that amount. To answer that question, we must determine whether the language of MCL 769.1k(1)(b)(*iii*), which gives trial courts the authority to assess costs without "separately calculating those costs involved in the particular case," applies to the attorney-fee provision in Subparagraph (*iv*), which

authorizes the imposition of expenses for legal assistance to a defendant. We conclude that it does not. Accordingly, we reverse Part V of the Court of Appeals' opinion and remand to the trial court for that court to support its findings related to the cost of providing legal assistance to defendant.

## I. FACTS AND PROCEDURAL HISTORY

In December 2015, defendant was convicted of one count of first-degree criminal sexual conduct, MCL 750.520b, and five counts of second-degree criminal sexual conduct, MCL 750.520c, for sexually assaulting his live-in girlfriend's daughters. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years' imprisonment for the first-degree criminal sexual conduct conviction and to 200 to 360 months' imprisonment for the second-degree criminal sexual conduct convictions. The trial court also assessed $4,500 in costs and fees, representing $3,625 for attorney fees and $875 as a separate judgment.

Defendant appealed, challenging his convictions on several grounds, but pertinent to this appeal, he challenged the amount of attorney fees assessed against him. The Court of Appeals affirmed his convictions and sentences in an unpublished per curiam opinion, holding that the "trial court's award of $4,500 in defense costs, without making findings of fact as to the award of attorney fees, was proper." *People v Lewis*, unpublished per curiam opinion of the Court of Appeals, issued May 18, 2017 (Docket No. 331513), p 6. The Court of Appeals reasoned that the language of MCL 769.1k(1)(b)(*iii*) and (*iv*) was clear such that a separate calculation of costs was not required—including the expense of providing defendant with legal assistance. *Id*.

2

## II. STANDARD OF REVIEW

Questions of statutory interpretation are reviewed de novo. *People v Gardner*, 482 Mich 41, 46; 753 NW2d 78 (2008).

## III. LEGAL BACKGROUND AND APPLICATION

"When construing a statute, our primary goal is 'to ascertain and give effect to the intent of the Legislature.' " *People v Phillips*, 469 Mich 390, 395; 666 NW2d 657 (2003), quoting *People v Pasha*, 466 Mich 378, 382; 645 NW2d 275 (2002). "When a court interprets a statute, it first looks to its 'plain language, which provides the most reliable evidence of intent.' " *People v McFall*, 309 Mich App 377, 384; 873 NW2d 112 (2015), quoting *People v McKinley*, 496 Mich 410, 415; 852 NW2d 770 (2014). If the statute's language is clear and unambiguous, then judicial construction is inappropriate and the statute must be enforced as written. *McKinley*, 496 Mich at 415. A necessary corollary of this principle is that a " 'court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.' " *Phillips*, 469 Mich at 395, quoting *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). Furthermore, when the Legislature includes language in one part of a statute that it omits in another, it is assumed that the omission was intentional. *McFall*, 309 Mich App at 385-386.

MCL 769.1k(1)(b)(*iii*) and (*iv*) provide, in pertinent part:

> (1) If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred by statute or sentencing is delayed by statute:

> \* \* \*

(b) The court may impose any or all of the following:

* * *

(*iii*) . . . any costs reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case . . .

* * *

(*iv*) The expenses of providing legal assistance to the defendant.

The instant issue previously appeared before the Court of Appeals in *People v Duke*, unpublished per curiam opinion of the Court of Appeals, issued April 12, 2016 (Docket No. 325473). That panel held that the trial court was required to establish the cost of legal representation for the specific defendant when assessing attorney fees pursuant to MCL 769.1k(1)(b)(*iv*). *Id*. at 2. The panel explained:

> [W]hile language in MCL 769.1k(1)(b)(*iii*) authorizes the trial court to assess costs without separately calculating the costs for the particular case, the attorney fee provision in MCL 769.1k(1)(b)(*iv*) does not include that same language. Compare MCL 769.1k(1)(b)(*iii*) ("any cost reasonably related to the actual costs incurred by the trial court *without separately calculating those costs involved in the particular case* . . . ." (emphasis added)), with MCL 769.1k[(1)(b)](*iv*) ("[t]he expenses of providing legal assistance *to the defendant*." (emphasis added)). When the legislature includes language in one part of a statute that it omits in another, it is assumed that the omission was intentional. *People v McFall*, 309 Mich App 377; 873 NW2d 112 (2015), quoting *People v Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011). Thus, the trial court must establish the cost of providing legal services to the specific defendant at issue when assessing attorney fees under MCL 769.1k(1)(b)(*iv*). [*Duke*, unpub op at 2.]

We agree that the inclusion of the language "without separately calculating those costs involved in the particular case" under Subparagraph (*iii*) evidences the Legislature's intent that the provision apply only to that subparagraph. Inclusion of average-costs language in Subparagraph (*iii*)—rather than the Subdivision (b) umbrella—further

4

suggests that the Legislature intended to create an exception to the default rule of Subdivision (b); if the exception permits costs *without* separate calculation, then logically the default rule must require that costs be separately calculated for the particular case. Moreover, MCL 769.1k(1)(b)(*iii*) does not include attorney fees in its list of the kinds of costs that do not have to be separately calculated for the particular defendant, namely: "[s]alaries and benefits for relevant court personnel," "[g]oods and services necessary for the operation of the court," and "[n]ecessary expenses for the operation and maintenance of court buildings and facilities." Although this list is nonexclusive, the costs of providing legal assistance to a defendant are logically distinguishable from the costs enumerated in Subparagraph (*iii*), in part because to include legal-assistance costs among Subparagraph (*iii*) costs would be to render Subparagraph (*iv*) surplusage. See *People v McGraw*, 484 Mich 120, 126; 771 NW2d 655 (2009) ("In interpreting a statute, we avoid a construction that would render part of the statute surplusage or nugatory."). Moreover, the costs laid out under Subparagraph (*iii*) are all fairly standard expenses for a court's operations, tend not to vary significantly by case, and are not affected by any particular case. In contrast, attorney fees can vary greatly among defendants depending on a variety of circumstances, such as the nature and number of the criminal charges.

## IV. CONCLUSION

For the foregoing reasons, we conclude that the trial court was required to determine the cost of providing legal assistance to defendant pursuant to MCL 769.1k(1)(b)(*iv*). The Court of Appeals erred by holding otherwise. For this reason, we reverse Part V of the

5

Court of Appeals' opinion and remand to the trial court for that court to support its findings

regarding the cost of legal assistance provided to defendant.

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement
