*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CINDY SCHAAF, COLLEEN M. FRYER, and GWEN MASON,

Plaintiffs/Counterdefendants-
Appellees,

v

CHARLENE FORBES, also known as ANGIE FORBES,

Defendant/Counterplaintiff-
Appellant.

UNPUBLISHED
August 6, 2019

No. 343630
Antrim Circuit Court
LC No. 2016-009008-CH

Before: TUKEL, P.J., and SERVITTO and RIORDAN, JJ.

Servitto, J. (*dissenting*).

I respectfully dissent. While I agree with the majority that the circuit court did not abuse its discretion in receiving and considering more than 300 pages of documentation that plaintiffs offered as the case proceeded to the issue of contribution, I disagree with the majority's conclusion that a trust can hold and convey property as a joint tenant with rights of survivorship.

At the outset, I would find that the trial court had jurisdiction to hear and decide this case. "Jurisdiction of the subject matter is the right of the court to exercise judicial power over a class of cases, not the particular case before it; to exercise the abstract power to try a case of the kind or character of the one pending." *Altman v Nelson*, 197 Mich App 467, 472; 495 NW2d 826 (1992). The circuit court is a court of general jurisdiction, extending to "all civil claims and remedies except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. See also Const 1963, art 6, § 1. The Legislature exercised its prerogative to limit the jurisdiction of the circuit court when it vested the probate court with "exclusive legal and equitable jurisdiction" over "[a] proceeding that concerns the . . . distribution . . . of a trust; or the declaration of rights that involve a trust, trustee, or trust beneficiary," including to "determine relative to a trustee the existence or nonexistence of an immunity, power, privilege, duty, or right." MCL 700.1302(b)(*vi*).

-1-

The Legislature indicated that its grant of exclusive jurisdiction to the probate court over the administration and distribution of trusts did not extend to plaintiffs' real property claims by having set forth and retaining specific statutory authorization for the circuit court to hear and decide matters concerning rights to real property. See MCL 600.2932(1) (a person "who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff"); MCL 600.3301 ("Actions containing claims for the partition of lands may be brought in the circuit courts . . . . Such actions are equitable in nature.").

Further, the Legislature did not grant the probate court exclusive jurisdiction over necessarily *any* cause of action that might incidentally touch on such issues as a settlor's intentions, but instead confined that grant to "[a] *proceeding* that concerns the . . . distribution . . . of a trust; or the declaration of rights that involve a trust, trustee, or trust beneficiary . . . ." MCL 700.1302(b)(*vi*) (emphasis added). "[T]he meaning of the Legislature is to be found in the terms and arrangement of the statute without straining or refinement, and the expressions used are to be taken in their natural and ordinary sense." *Gross v Gen Motors Corp*, 448 Mich 147, 160; 528 NW2d 707 (1995). The statutory reference to "a proceeding" that "concerns" trust matters suggests that the exclusive jurisdiction of the probate court under MCL 700.1302(b)(*vi*) covers not necessarily every issue that might arise from involvement of a trust, but rather to whole causes of action fundamentally arising from issues concerning the distribution of trusts, or the rights and duties of affected persons.

The issue in this case primarily concerned the legal question of whether a trust—any trust—may hold and convey property as a joint tenant with rights of survivorship. Plaintiffs set forth three specific causes of action in "Plaintiffs' Second Amended Complaint to Determine Interest in Property and For Partition": (1) an "Action to Determine Interests in Land", (2) "Partition", and (3) "Contribution." In count I, plaintiffs specifically asserted that any transfers from the Fitzpatrick Trust to plaintiffs and defendant, as joint tenants with rights of survivorship, were ineffective because the trust could not own the property with rights of survivorship. In count II, plaintiffs asserted that they and defendant are co-owners of the subject property with each owning an undivided interest in the whole property, and that because it has become impossible for all to jointly possess and enjoy the whole of the property, the property should be sold and the proceeds divided. In count III, plaintiffs asserted that defendant has not shared in the responsibilities of ownership of the property, and that they were entitled to contribution for paying more than their fair share of the expenses associated with the property. The parties brought to the circuit court disputes among living co-owners of real property over identification and realization of their respective but overlapping interests, not issues concerning the distribution of, or rights under, the trusts that largely engendered those interests. Plaintiffs did not ask the circuit court to construe, invalidate, or modify the Fitzpatrick Trust, or any other testamentary instrument involved in the chain of title in the subject property, and defendant does not suggest that plaintiffs' claims for determining interests in land, partition, and contribution were not actionable in the circuit court. Moreover, the circuit court did not rule on any issue concerning any trust settlor's intent, the scope of any trust, or the administration of any trust, and need not have done so because, as it recognized, the issue for resolution was the legal issue of whether a trust can hold property as a joint tenant with rights of survivorship. I believe that jurisdiction over this matter properly lies with the circuit court.

-2-

Next, I agree with the trial court that a trust cannot own or convey property as a joint tenant with rights of survivorship. First, I am not convinced that the majority's interpretation of MCL 554.44 is correct. MCL 554.44 states that all grants and devises of lands:

> made to 2 or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy.

The majority relies upon the definition of "person" in MCL 8.3*l* to conclude that use of the word "persons" in MCL 554.44 includes a trust. However, MCL 8.3*l* explicitly states that the word "person" can extend to "bodies politic and corporate, as well as to individuals." Thus, in clear and unambiguous terms, "person" is extended to political and corporate bodies under that provision. The majority concludes that MCL 8.3*l*, because it does not contain the word "only", can be extended to include trusts. I disagree.

First, MCL 8.3*l* does not state that "person" may include, but is not limited to, "bodies politic and corporate, as well as to individuals." It simply states that it may include those three specifically named things. Absent any legislative expression indicating that it intended to include other entities, the statute must be read according to its plain language. It is axiomatic that "if the statute's language is clear and unambiguous, then judicial construction is inappropriate and the statute must be enforced as written." *People v Lewis*, 503 Mich 162, 165; 926 NW2d 796 (2018). To apply MCL 8.3*l*, this Court need not, and indeed must not, look any further than the unambiguous statutory language.[1]

While the majority indicates that "bodies politic and corporate as well as to individuals" is not meant to be an exhaustive list included in the definition of "person" under MCL 8.3*l*, the legislature is wholly capable of indicating when its use of listed items in a statute is not meant to be an exhaustive list. See, e.g., *People v Feeley*, 499 Mich 429, 438; 885 NW2d 223 (2016)("the Legislature's use of the phrase 'including, but not limited to'. . . indicates that it intended an expansive and inclusive reading . . . this particular phrase is not 'one of limitation,' but is instead meant to be illustrative and purposefully capable of enlargement.). "This Court cannot assume that language chosen by the Legislature is inadvertent. *Bush v Shabahang*, 484 Mich 156, 169; 772 NW2d 272 (2009).

I find further guidance on this issue in *McCormick v Carrier*, 487 Mich 180, 188; 795 NW2d 517 (2010). Overruling precedent, the *McCormick* Court held that the Court in *Kreiner v Fischer*, 471 Mich 109; 683 NW2d 611 (2004), improperly expanded the language of MCL 500.3135. "[T]he *Kreiner* majority went astray and gave the statute a labored interpretation inconsistent with common meanings and common sense." *McCormick*, 487 Mich at 205. The *McCormick* Court noted that the *Kreiner* Court applied "its chosen definition" to certain terms in

---

[1] The majority cites various legal treatises to support its position. Treatises, however, "are not binding authority; rather, they are considered only as potentially persuasive authority." *Fowler v Doan*, 261 Mich App 595, 601; 683 NW2d 682 (2004). Where, as here, we are presented with an unambiguous statute, reference to nonbinding authority is unnecessary.

the statute, and interjected two terms that were not in MCL 500.3135, thereby shifting the meaning of one word "from the most natural contextual reading of the word." *Id*. at 206.

In the matter before this Court, I believe that the majority, too, has judicially expanded MCL 8.3*l*, applying its chosen definition, and has given the statute an interpretation inconsistent with its plain meaning and common sense. Again, the statute states very clearly that the word person "may extend and be applied to bodies politic and corporate, as well as to individuals." The majority focuses on the term "individuals" and relies upon a definition of that term to include a single "*thing*" as a basis for determining that a trust (presumably as a *thing*) is included in the definition of "person" for purposes of MCL 8.3*l*. I, however, look at the context, and do not isolate that word in determining its meaning. After all, when interpreting statutes, "we must not read a word or phrase of a statute in isolation; rather, each word or phrase and its placement must be read in the context of the whole act." *Alvan Motor Freight, Inc v Dept of Treasury*, 281 Mich App 35, 40; 761 NW2d 269 (2008). In context, it is clear that the Legislature intended in MCL 8.3*l* to clarify that when the word "person" is used (and not otherwise specifically defined) in a statute, that word does not only refer to "person" in its most commonly understood definition (an individual, i.e. single, human being), but that it additionally refers to political and corporate bodies. In other words, I would read MCL 8.3*l* to mean that "person" applies not just to individuals (understood as single human beings), but also to political and corporate bodies. This interpretation takes into consideration that the Legislature stated that the word "person" may "extend" ("to spread or stretch forth; to increase the scope, meaning, or application of." Merriam-Webster's Collegiate Dictionary (11th ed.)) to corporate and political bodies in addition to the previously understood ("as well as") individuals. And, trusts are distinctly dissimilar to political and corporate bodies such that their inclusion into the two specified bodies cannot be fairly inferred. I would therefore find that the word "person" as it appears in MCL 554.44 refers only to individuals, political bodies, and corporate bodies. Consequently, I would find that neither the presumption set forth in MCL 554.44, nor the exception to that presumption set forth in MCL 554.45, applies in this matter.

I believe that the primary issue before this Court, whether a trust may own and transfer real property as a joint tenant with rights of survivorship, can be very simply resolved by looking to the plain, unambiguous statutory language of MCL 8.3*l*, and taking a common sense approach by additionally looking at the definition of and explanation concerning ownership as joint tenants with rights of survivorship. The earliest recognition of a joint tenancy with rights of survivorship in this state appears in *Schulz v Brohl*, 116 Mich 603; 74 NW 1012 (1898). In that case:

> the interest created by a deed to Peter Brohl and Christine Schulz "and to the survivor of them" was described as **"a moiety to each [party] for life, with remainder to the survivor in fee."** 116 Mich at 605, 74 NW 1012. Peter conveyed his interest to a third party, Joseph Brohl, reserving a life estate. Subsequent to Peter's death, Christine Schulz brought an action to quiet title. The Court held in her favor, stating that **"[n]either grantee could convey the estate so as to cut off the remainder."** *Albro v Allen*, 434 Mich 271, 276; 454 NW2d 85 (1990). [Emphasis in original]

Since that time, both this Court and our Supreme Court have consistently defined and applied a joint tenancy with rights of survivorship as concerned with the *life* and *death* of one joint tenant.

See e.g., *Jackson v Estate of Green*, 484 Mich 209, 213; 771 NW2d 675 (2009) ("the principal characteristic of the joint tenancy is the right of survivorship. Upon the death of one joint tenant, the surviving tenant or tenants take the whole estate."); *Walters v Leech*, 279 Mich App 707, 711; 761 NW2d 143 (2008), citing 1 Cameron, Michigan Real Property Law (3d ed.), § 9.14, p. 328 (". . . at the heart of a tenancy by the entirety is the right of survivorship, meaning that when one party dies, the other party automatically owns the whole property."). Indeed, "right of survivorship" is even defined in Black's Law Dictionary (11th ed.) as "[a] joint tenant's right to succeed to the whole estate upon the death of the other joint tenant." "Death", in turn, is defined as "the ending of life; the cessation of all vital functions and signs." Black's Law Dictionary (11th ed.).

Logically, survivorship rights obviously address the interests of natural persons, including the uncertainties normally attending to natural persons' life spans. A trust, not being a natural person, has no actual residential needs, cannot occupy real property in fact, and does not "die." Common sense indicates that it cannot end its life or that all of its vital functions and signs could cease. Instead, a trust comes to an end on its own terms or by other orderly processes. As plaintiffs point out, if a trust could maintain its own interest in real property as a joint tenant with the right of survivorship, the survivorship interests of any joint tenants who are natural persons would be substantially "illusory—because the trust would never 'die' and thus those other tenants would have nothing more than a life estate in the property." I would thus affirm the circuit court's orders voiding the purported conveyances concerning the Fitzpatrick Trust property as a joint tenant with rights of survivorship.

I would also affirm the circuit court's holding that the parties' interests were better served by sale of the subject parcel than by attempting partition in kind. Defendant asserts that, according to MCL 600.3304, "[a]ll persons holding lands as joint tenants or as tenants in common may have those lands partitioned," but that, according to MCL 600.3308, "a person who has only an estate in reversion or remainder in the lands may not maintain a claim for their partition." However, the limitation in MCL 600.3308 applies to persons having "*only* an estate in reversion or remainder" (emphasis added), and thus, does not apply to holders of current possessory rights, whether or not those holders of existing possessory rights also happen to hold rights of reversion or remainder. Here, I believe that the trial court did not err in concluding that, given the existence of the survivorship rights resulting from the valid conveyances of the real property from the Bussa Trust and the subject parcel's reliance on an easement for access to and from the nearest public road, which easement could not be further burdened, "partition in kind would result in undue prejudice to the Plaintiffs and an equitable physical division of the Parcel cannot be achieved."

I would affirm the circuit court's rulings in their entirety.


/s/ Deborah A. Servitto