*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRETT LEE HAAN,

Defendant-Appellant.

UNPUBLISHED
February 18, 2020

No. 345022
Kent Circuit Court
LC No. 16-007038-FH

Before: SAWYER, P.J., and MARKEY and STEPHENS, JJ.

PER CURIAM.

Defendant, Brett Lee Haan, pleaded guilty to first-degree retail fraud, MCL 750.356c, in December 2016. In March 2016, the trial court sentenced defendant to 12 months' imprisonment, with credit for 206 days served. The trial court sentenced defendant as a fourth-offense habitual offender pursuant to MCL 769.12 and assessed $600 in attorney fees. In February 2018, the trial court found defendant guilty of a probation violation. The trial court sentenced defendant to 2½ to 20 years' imprisonment for the probation violation, with credit for 455 days served. The trial court also assessed $600 in attorney fees, in addition to other fees and costs. Defendant now appeals by delayed leave granted after remand from the Supreme Court.[1] We reverse the trial court's assessment of court-appointed attorney fees and remand.

Questions of statutory interpretation are reviewed de novo. *People v Lewis*, 503 Mich 162, 165; 926 NW2d 796 (2018). This Court reviews the effect of an unpreserved error for plain error. *Carines*, 460 Mich at 763. A defendant must show that: "(1) error must have occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *Id*. at 763.

---

[1] *People v Haan*, 503 Mich 998 (2019). Defendant argues that the trial court erred by ordering him to pay court-appointed attorney fees pursuant to MCL 769.1k(1)(b)(*iv*) without making findings of fact to support the assessment as requested by *People v Lewis*, 503 Mich 162; 926 NW2d 796 (2018).

A court must have statutory authority to assess costs, fines, or fees against a defendant. *People v Lloyd*, 284 Mich App 703, 707; 774 NW2d 347 (2009). MCL 769.1k(1)(b)(*iv*) provides:

> (1) If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred by statute or sentencing is delayed by statute:

> \* \* \*

> (b) The court may impose any or all of the following:

> \* \* \*

> (*iv*) The expenses of providing legal assistance to the defendant.

In *Lewis*, the Supreme Court addressed the interpretation of this statute and the requirement that the trial court must make findings of fact regarding the cost of providing legal services to the defendant. The *Lewis* Court cited the decision of a panel of this Court in *People v Duke*, unpublished per curiam opinion of the Court of Appeals, issued April 12, 2016 (Docket No. 325473), p 2, in which the panel concluded that, if a trial court assessed attorney fees pursuant to MCL 769.1k(1)(b)(*iv*), the trial court was required to establish the cost of legal representation for the specific defendant. *Lewis*, 503 Mich at 166. The Supreme Court agreed with the panel's conclusion, specifically stating that "if the exception [under MCL 769.1k(1)(b)(*iii*)] permits costs without separate calculation, then logically the default rule must require that costs be separately calculated for the particular case." *Id*. at 167. The Supreme Court reasoned that "the costs of providing legal assistance to a defendant are logically distinguishable" from the costs incurred by a trial court that are not specific to any particular case or defendant, such as the expenses for operating and maintaining court buildings. *Id*. at 167-168 (comparing MCL 769.1k(1)(b)(*iii*) to MCL 769.1k(1)(b)(*iv*)). The Supreme Court also explained that "attorney fees can vary greatly among defendants depending on a variety of circumstances, such as the nature and number of the criminal charges." *Id*. at 168. The Supreme Court held that the trial court was required to making findings of fact and to determine the cost of legal assistance provided to the defendant when assessing attorney fees pursuant to MCL 769.1k(1)(b)(*iv*). *Id*. at 168.

In this case, the trial court did not make any findings regarding cost of the legal assistance that was provided to defendant. The trial court assessed $600 in attorney fees as a part of the judgment of sentence for defendant's guilty plea and again as a part of defendant's sentence for his probation violation. Although MCL 769.1k(1)(b)(*iv*) gave the trial court the authority to assess the attorney fees, the trial court was required to make findings regarding the cost of providing legal assistance, which may include the circumstances of the case and the nature and number of the criminal charges. *Id*. at 167-168. Therefore, the trial court plainly erred by failing to make the proper determinations and findings regarding the cost of legal assistance before assessing attorney fees. See *id*.; *Carines*, 460 Mich at 763.

-2-

Reversed and remanded to the trial court with the instruction to the trial court to make the necessary findings of fact in support of the assessment of attorney fees. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Cynthia Diane Stephens