*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 14, 2022

Plaintiff-Appellee,

v

No. 358967
Isabella Circuit Court
LC No. 2020-001466-FH

JAY ANTHONY-CARLTON DAVIS,

Defendant-Appellant.

Before: GLEICHER, C.J., and GADOLA and YATES, JJ.

PER CURIAM.

Following his probation violation, the trial court resentenced Jay Anthony-Carlton Davis for his original convictions of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), and possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*). At the resentencing hearing, the court did not address the $1,091 in costs, fines, and assessments it intended to impose against Davis in the new judgment of sentence. This was error. The trial court also erred in failing to establish a factual basis for the attorney fees and court costs it assessed. We vacate the new judgment of sentence and remand for further proceedings.

## I. BACKGROUND

In January 2021, Davis pleaded guilty to two drug possession charges. The trial court sentenced Davis as a third-habitual offender to concurrent terms of 10 months in jail and three years' probation in addition to ordering Davis to pay $1,016 in costs, fines, and assessments. The court ordered Davis to report to the jail two days after sentencing and to avoid using or possessing controlled substances in the meantime. Davis did not report as ordered and tested positive for methamphetamine when he was apprehended two weeks later.

Davis pleaded guilty to two counts of violating the terms of his probation. The trial court revoked Davis's probation as permitted by MCL 771.4(2). Probation revocation "clears the way for a resentencing on the original offense." *People v Hendrick*, 472 Mich 555, 562; 697 NW2d 511 (2005). The court therefore had discretion to either sentence Davis "in the same manner and to the same penalty" as in the initial judgment of sentence or to impose entirely new sentences for the possession convictions. *Id*. at 561-562. The court chose the second option and sentenced

-1-

Davis for the two drug possession convictions to concurrent terms of 1½ to 8 years and 1½ to 20 years' imprisonment. The court failed to mention any fines, costs, or assessments at the probation violation sentencing hearing, but ordered Davis to pay $1,091 in the new judgment of sentence.

Davis sought leave to appeal the imposition of costs, fines, and assessments. This Court granted the application. *People v Davis*, unpublished order of the Court of Appeals, entered November 30, 2021 (Docket No. 358967).

## II. ANALYSIS

To preserve a challenge to the assessment of costs, fines, and assessments, a defendant must object in the lower court. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015). Davis did not object at his initial sentencing and brought no motion following the entry of the new judgment of sentence. Our review is therefore limited to plain error affecting Davis's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). However, we review de novo the proper interpretation and application of the relevant statutes. *People v Bruce*, 504 Mich 555, 562; 939 NW2d 188 (2019).

MCL 769.1k(1)(a) provides that "[i]f a defendant enters a plea of guilty . . . [t]he court shall impose the minimum state costs as set forth in [MCL 769.1j]." MCL 769.1j(1)(a) provides that if a defendant is convicted of a felony, "the court shall order" the defendant to pay costs of $68. "Shall" is a mandatory term, *Ellison v Dep't of State*, 320 Mich App 169, 180; 906 NW2d 221 (2017), and the trial court was required to impose $136 in minimum state costs as Davis pleaded guilty to two felonies.

MCL 780.905(1)(a) similarly mandates the trial court to assess $130 for the crime victim's fund when a defendant is convicted of a felony, again stating that the court "shall order" this assessment. The trial court had no discretion to omit the state costs or crime victim's fund assessment from the judgment of sentence. The trial court did not err in imposing these charges.

Other costs, fines, and assessments, however, are within the trial court's discretion. See *Ionia Ed Ass'n v Ionia Pub Schs*, 311 Mich App 479, 493 n 6; 875 NW2d 756 (2015) (noting that the term "may" denotes discretion). Here, the court exercised its discretion and imposed $200 in fines and $350 in attorney fees. The court imposed $200 in court costs in the original judgment of sentence, but increased the costs to $275 after Davis's probation violation. MCL 769.1k(1)(b) provides for these discretionary assessments when a defendant enters a guilty plea as follows:

The court may impose any or all of the following:

(*i*) Any fine authorized by the statute for a violation of which the defendant entered a plea of guilty  . . . .

* * *

(*iii*) Until October 1, 2022, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

(*iv*) The expenses of providing legal assistance to the defendant.

The court acted within its discretion in imposing $200 in fines under MCL 769.1k(1)(b)(*i*). Davis was convicted of violating MCL 333.7403(2)(b)(*i*) and MCL 333.7403(2)(a)(*v*). These statutes permit a court to impose a fine of not more than $15,000 and $25,000 respectively. The court imposed a fine of $200, within the statutory permissible range.

The court also acted within its discretion in ordering Davis to contribute to the cost of his legal fees. MCR 6.005(C) permits a court to "require contribution to the cost of providing a lawyer" if the court determines that the defendant "is able to pay part of the cost." However, the trial court was required to separately calculate the actual cost of providing legal representation to Davis, which it did not do on the record. See *People v Lewis*, 503 Mich 162, 167-168; 926 NW2d 796 (2018).

It was also within the court's power to order Davis to pay court costs. But the court was required to establish a factual basis for the costs imposed. "[W]ithout a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court, as required by MCL 769.1k(1)(b)(*iii*)." *Konopka*, 309 Mich App at 359-360.

MCR 6.425(D)(1)(d) provides that "[a]t sentencing, the court must, on the record," "state the sentence being imposed." MCL 769.34(6) provides that a trial court may assess court costs, fines, or assessments "[a]s part of the sentence." MCL 769.1k(1) similarly provides for the imposition of costs, fines, and assessments "at the time of the sentencing." The trial court did not indicate at the resentencing hearing that it would be imposing $1,091 in costs, fines, and assessments. This was error. Yet the court's errors can all be remedied. We remand to the trial court for further sentencing proceedings at which the court must state on the record all costs, fines, and assessments to be imposed. As required by *Lewis*, 503 Mich at 167-168, the court must explain how the attorney fee was calculated. The trial court must also establish a factual basis for the court costs imposed. *Konopka*, 309 Mich App at 360; *People v Stevens*, 318 Mich App 115, 121; 896 NW2d 815 (2016). Davis will then have an opportunity to object, curing any prejudice caused by the trial court's errors.

We vacate the new judgment of sentence and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Christopher P. Yates