*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BO COLE,

        Defendant-Appellant.

FOR PUBLICATION
December 19, 2024
9:30 AM

No. 366825
Calhoun Circuit Court
LC No. 2020-000605-FH

Before: GADOLA, C.J., and K. F. KELLY and REDFORD, JJ.

GADOLA, C.J.

Defendant Bo Cole appeals by leave granted the trial court's order sentencing him to 1 year of probation for aggravated assault, MCL 750.81a(1), and illegal entry, MCL 750.115(1). Defendant challenges the trial court's order denying his motion to destroy his DNA profile and sample collected by police in connection with the dismissed charge of second-degree home invasion, MCL 750.110a(3). We reverse the trial court's order denying defendant's motion and remand to the trial court.

## I. FACTS

On December 31, 2019, defendant pushed his way into the home of his ex-girlfriend, then chased her through the home, pushed her, and shut her hand in the back door when she tried to escape. Defendant was charged with second-degree home invasion, MCL 750.110a(3), and domestic violence, MCL 750.81(2). In connection with the felony home invasion charge, police collected a DNA profile and sample from defendant, as authorized by MCL 28.176. The prosecution thereafter charged defendant with aggravated assault, MCL 750.81a(1), and illegal entry, MCL 750.115(1), to which defendant pleaded no contest in exchange for the dismissal of the felony charge of second-degree home invasion and the misdemeanor charge of domestic violence. The trial court sentenced defendant to 1 year of probation.

Defendant thereafter moved for the destruction of his DNA profile and sample under MCL 28.176 on the basis that the felony charge that led to the collection of the DNA profile and sample had been dismissed. The trial court denied defendant's motion, reasoning that the dismissal of the

-1-

felony charge had been in conjunction with his plea of no contest to lesser misdemeanor offenses. Defendant now appeals by leave granted.[1]

## II. DISCUSSION

Defendant contends that MCL 28.176(4) and (10)(b) require the destruction of the DNA profile and sample obtained from him in connection with the felony home invasion charge because that charge was dismissed. We agree.

Michigan law provides for the collection and retention of a DNA profile and sample under MCL 28.176, which states, in pertinent part:

> (1) Except as otherwise provided in this section, the department [of state police] shall permanently retain a DNA identification profile of an individual obtained from a sample in the manner prescribed by the department under this act if any of the following apply:
>
> (a) The individual is arrested for committing or attempting to commit a felony offense or an offense that would be a felony offense if committed by an adult.
>
> *   *   *
>
> (4) . . . At the time a DNA sample is taken from an individual under this section, the individual must be notified in writing of all of the following:
>
> (a) That, except as otherwise provided by law, the individual's DNA sample or DNA identification profile, or both, must be destroyed or expunged, as appropriate, if the charge for which the sample was obtained has been dismissed or resulted in acquittal, or no charge was filed within the limitations period.
>
> *   *   *
>
> (10) Any other DNA identification profile obtained by the department must not be permanently retained by the department but must be retained only as long as it is needed for a criminal investigation or criminal prosecution. Except as provided in subsection (11), the state police forensic laboratory shall dispose of a DNA sample collected under subsection (1) or a DNA identification profile, or both, if any of the following circumstances occur:

---

[1] *People v Cole*, unpublished order of the Court of Appeals, entered September 6, 2023 (Docket No. 366825).

(a) The department receives a written request for disposal from the investigating police agency or prosecution indicating that the sample is no longer necessary for a criminal investigation or criminal prosecution.

(b) The department receives a written request for disposal and a certified copy of a final court order establishing that the charge for which the sample was obtained has been dismissed or has resulted in an acquittal or that no charge was filed within the applicable limitations period.

We review de novo questions of statutory interpretation. *People v Lewis*, 503 Mich 162, 165; 926 NW2d 796 (2018). The primary goal of statutory interpretation is to "ascertain and give effect to the intent of the Legislature." *Id.* (quotation marks and citation omitted). To do so, we begin by "examining the plain language of the statute; where the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed . . . ." *People v Haynes*, 281 Mich App 27, 29; 760 NW2d 283 (2008) (quotation marks and citation omitted). If the language of a statute is clear and unambiguous, we enforce the language as written, giving the statutory language its plain and ordinary meaning, *People v Davis*, 337 Mich App 67, 78; 972 NW2d 304 (2021), and judicial construction is not necessary, nor is it permitted, *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008).

Here, the statutory language in question is clear and unambiguous. MCL 28.176(1) provides that law enforcement "shall permanently retain a DNA identification profile of an individual obtained from a sample . . . [if] [t]he individual is arrested for committing or attempting to commit a felony offense." However, MCL 28.176(4)(a) provides that "the individual's DNA sample or DNA identification profile, or both, must be destroyed or expunged, as appropriate, if the charge for which the sample was obtained has been dismissed or resulted in acquittal, or no charge was filed within the limitations period." Likewise, MCL 28.176(10)(b) provides that the state police forensic laboratory shall dispose of a DNA sample or profile or both when "the charge for which the sample was obtained has been dismissed or has resulted in an acquittal or that no charge was filed within the applicable limitations period."

Defendant's DNA sample was obtained because he was arrested and charged with the felony of second-degree home invasion, MCL 750.110a(3). Defendant pleaded no contest to lesser offenses that do not trigger DNA collection under MCL 28.176, and the home invasion charge was dismissed. The trial court determined, however, that even though the felony charge against defendant that gave rise to the police collecting defendant's DNA profile and sample had been dismissed, the dismissal did not warrant destruction of his DNA profile and sample because defendant pleaded guilty to lesser offenses in lieu of the felony. The trial court stated that "[g]iven the fact that this was a plea agreement to a lesser offense and not an outright dismissal, I don't believe that the DNA sample needs to be destroyed . . . ." The prosecution similarly argues that "the surrounding context and placement of the language in MCL 28.176(10)(b) (specifically requiring acquittal, no charges filed, or dismissal) supports the lower court's interpretation of the statute to mean an outright dismissal, as opposed to a plea agreement for a lesser offense."

We disagree that all dismissals are not equal under MCL 28.176. The statute plainly states that DNA must be destroyed when "*the charge* for which the sample was obtained has been

dismissed." MCL 28.176(4)(a); MCL 28.176(10)(b) (emphasis added). MCL 28.176(4)(a) and MCL 28.176(10)(b) specify that the dismissal refers to the charge for which the sample was obtained, not the action or claim. The statute does not in any way qualify the term "the charge for which the sample was obtained" or the term "dismissed." Rather, the plain and unambiguous language of the statute requires the DNA profile and sample to be destroyed when the charge for which the sample was obtained has been dismissed. Because the dismissal in this case falls squarely within the plain and ordinary meaning of the statutory language of MCL 28.176(4)(a) and MCL 289.176(10)(b), the destruction of defendant's DNA profile and sample is mandated.

We also observe that "[t]he Legislature is presumed to be familiar with the rules of statutory construction, and when it is promulgating new laws it is presumed to be aware of the consequences of its use or omission of statutory language." *People v Kosik*, 303 Mich App 146, 158; 841 NW2d 906 (2013) (quotation marks and citation omitted). We therefore conclude that the Legislature's omission of an exception for a dismissal in conjunction with a plea to other charges was intentional. The trial court erred by denying defendant's motion to destroy his DNA sample and profile.

The trial court's order denying defendant's motion to destroy his DNA sample and profile is reversed and we remand to the trial court for proceedings consistent with this opinion.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ James Robert Redford