*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SONYA JAVAH MOORE,

        Defendant-Appellant.

FOR PUBLICATION
July 18, 2025
12:03 PM

No. 371556
Wayne Circuit Court
LC No. 21-006573-01-FC

Before: K. F. KELLY, P.J., and O'BRIEN and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] her sentence for plea-based convictions of assault with a dangerous weapon (felonious assault), MCL 750.82, and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. She also challenges the trial court's denial of her motion to correct an invalid sentence. The trial court sentenced defendant to one to four years' imprisonment for her felonious assault conviction and two years' imprisonment for her felony-firearm conviction. As part of her sentence, the trial court ordered defendant to pay $400 in attorney fees, among other fees and costs. This case presents two questions on appeal. First, whether the imposition of attorney fees for the expense of providing legal assistance to a defendant under MCL 769.1k(1)(b)(*iv*) constitutes a fine in violation of Article 8, § 9, of Michigan's 1963 Constitution. Second, whether the trial court made the required factual findings to impose such attorney fees. We conclude that the imposition of attorney fees under MCL 769.1k(1)(b)(*iv*) does not constitute a fine, and consequently, does not violate Const 1963, art 8, § 9. Further, the trial court made sufficient factual findings to support its imposition of the attorney fees. Accordingly, finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

---

[1] *People v Moore*, unpublished order of the Court of Appeals, entered August 30, 2024 (Docket No. 371556).

-1-

This case arises from defendant firing a gun at the victim, Timothy Freeman, on June 24, 2021, in the parking lot of an O'Reilly Auto Parts on Haggerty Road in Van Buren Township, Michigan. Following the shooting, defendant was arrested and charged with assault with intent to commit murder (AWIM), MCL 750.83; armed robbery, MCL 750.529; felonious assault, MCL 750.82; and three counts of felony-firearm, MCL 750.227b.

At a pretrial hearing in May 2023, defendant indicated her desire to enter into a plea agreement following four hours of plea negotiations. In exchange for dismissal of her other charges, defendant pleaded *nolo contendere* to felonious assault, with a sentence of one to four years' imprisonment; and one count of felony-firearm, with a sentence of two years' imprisonment. In August 2023, defendant moved to withdraw her plea, asserting she did not enter into the plea knowingly. The trial court denied defendant's motion and proceeded to sentencing. Consistent with the plea agreement, the trial court sentenced defendant to one to four years' imprisonment for her felonious assault conviction and two years' imprisonment for her felony-firearm conviction, with credit for 334 days served. It also ordered defendant to pay $2,263.47 in restitution, $130 in crime victim assessment fees, $136 in state costs, $1,300 in court costs, and $400 in attorney fees.

In April 2024, defendant moved to correct an invalid sentence pursuant to MCR 6.429. She argued that her sentence was invalid because MCL 769.1k(1)(b)(*iv*) imposed an unlawful fine in violation of Const 1963, art 8, § 9, and because the trial court failed to make the required factual findings before imposing attorney fees. The trial court denied defendant's motion in a May 22, 2024 opinion and order, concluding that MCL 769.1k(1)(b)(*iv*) did not violate the Michigan Constitution, and that its factual findings were sufficient. This appeal ensued.

## II. STANDARDS OF REVIEW

"To preserve a sentencing issue for appeal, a defendant must raise the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in [this Court]." *People v Clark*, 315 Mich App 219, 223; 888 NW2d 309 (2016) (quotation marks and citation omitted). See also MCR 6.429(C). To preserve an issue related to the imposition of costs and fees on appeal, a defendant must object upon a trial court's order to pay. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015). Although defendant challenged the trial court's imposition of attorney fees in her motion to correct an invalid sentence, she did not object upon the trial court's order to pay. Accordingly, defendant's challenge to the attorney fees is preserved only to the extent it was asserted as a basis for resentencing.

"We review de novo constitutional issues and matters involving statutory interpretation." *People v Johnson*, 336 Mich App 688, 692; 971 NW2d 692 (2021). This Court reviews sentencing issues for an abuse of discretion. *People v Sabin*, 242 Mich App 656, 660; 620 NW2d 19 (2000). An abuse of discretion occurs when a trial court's decision "falls outside the range of reasonable and principled outcomes." *People v Everett*, 318 Mich App 511, 516; 899 NW2d 94 (2017) (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *Id*.

We review unpreserved claims of constitutional error for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). To prevail under the plain error rule, "three requirements must be met: 1) error must have occurred, 2) the error was plain,

i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* at 763 (citations omitted).

## III. ANALYSIS

Defendant argues that the imposition of attorney fees under MCL 769.1k(1)(b)(*iv*) constitutes a fine in violation of Const 1963, art 8, § 9, and that the trial court failed to make the required factual findings to impose such attorney fees. We conclude that MCL 769.1k(1)(b)(*iv*) does not impose a fine in violation of Const 1963, art 8, § 9. Furthermore, the factual findings were sufficient on the record and the trial court was not required to consider whether the attorney fees were satisfied by the Michigan Indigent Defense Commission Act (MIDCA), MCL 780.981 *et seq*.

## A. CONSTITUTIONAL CHALLENGE

Defendant argues that MCL 769.1k(1)(b)(*iv*) facially violates the Michigan Constitution because it imposes a fine for a violation of the criminal law that is not directed to fund local libraries, as required by Const 1963, art 8, § 9.

"A statute challenged on constitutional grounds is presumed to be constitutional and will be construed as such unless its unconstitutionality is clearly apparent. A constitutional challenge to the validity of a statute can be brought in one of two ways: by either a facial challenge or an as-applied challenge." *Johnson*, 336 Mich App at 692 (quotation marks and citations omitted). Here, defendant makes a facial challenge to MCL 769.1k(1)(b)(*iv*), which "attacks the statute itself and requires the challenger to establish that no set of circumstances exists under which the [a]ct would be valid." *Johnson*, 336 Mich App at 692 (quotation marks and citations omitted; alteration in original).

The Michigan Constitution provides:

> The legislature shall provide by law for the establishment and support of public libraries which shall be available to all residents of the state under regulations adopted by the governing bodies thereof. *All fines assessed and collected in the several counties, townships and cities for any breach of the penal laws shall be exclusively applied to the support of such public libraries, and county law libraries as provided by law.* [Const 1963, art 8, § 9 (emphasis added).]

Defendant argues that MCL 769.1k(1)(b)(*iv*) constitutes a "fine" subject to Const 1963, art 8, § 9 because it is a monetary penalty imposed as punishment for the violation of a criminal law. The statute provides, in relevant part: "If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty," at the time of sentencing, the court may impose "[t]he expenses of providing legal assistance to the defendant." MCL 769.1k(1)(b)(*iv*).

"Courts may only impose costs in a criminal case when such costs are authorized by statute." *People v Juntikka*, 310 Mich App 306, 310; 871 NW2d 555 (2015). "The Legislature is aware that a fine is generally a criminal punishment." *People v Earl*, 495 Mich 33, 40; 845 NW2d

721 (2014). Accordingly, when the Legislature decides to use language suggesting a cost assessment is not a "fine," it "implies a nonpunitive intent." *Id.* Notably, the term "fine" is used in a different section of the challenged statute, which authorizes the court to impose "[a]ny *fine* authorized by the statute." MCL 769.1k(1)(b)(*i*) (emphasis added).

The inclusion of the word "fine" in MCL 769.1k(1)(b)(*i*), but not MCL 769.1k(1)(b)(*iv*), implies that the Legislature did not intend for attorney fees under MCL 769.1k(1)(b)(*iv*) to constitute a fine. See *People v Lewis*, 503 Mich 162, 167; 926 NW2d 796 (2018) ("When the legislature includes language in one part of a statute that it omits in another, it is assumed that the omission was intentional."). This Court has employed similar reasoning when interpreting yet another subparagraph of MCL 769.1k(1), holding that the Legislature intended for the imposition of costs under MCL 769.1k(1)(b)(*iii*) to be a civil remedy and not a criminal fine because the provision did not use the term "fine," and had a nonpunitive purpose of funding court operations. *Konopka*, 309 Mich App at 372-373.

Defendant argues that regardless of the statutory language employed, an assessment constitutes a fine where the amount collected is based on judicial discretion rather than specified by law, citing *Saginaw Pub Libraries v Judges of 70th Dist Court*, 118 Mich App 379, 389; 325 NW2d 777 (1982).[2] However, *Saginaw* also explained that "nothing in the history of Const 1963, art 8, § 9 . . . requires all sums of money received for violations of state law to be fines within the meaning of the constitutional provision." *Id.* The Court held that a "$5 judgment fee" was not subject to Const 1963, art 8, § 9 because it was a "reasonable base cost" under a statute that "prescribe[d] uniform fees, irrespective of specific violations of the law or the amount of the assessment." *Id.* Accordingly, the fee was "compensatory and not penal." *Id.*

The language of MCL 769.1k(1)(b)(*iv*) compels the conclusion that the attorney fees imposed are compensatory in nature, because they provide for "[t]he expenses of providing legal assistance to the defendant." Here, as the trial court explained, the $400 attorney fees were a "predetermined estimate of attorney fees, which applies for all defendants . . . ." Further, the trial court noted the compensatory nature of the attorney fees, which covered "meetings and phone calls with defendants, court appearances, plea negotiations, and motion practice if needed." Like the fee imposed in *Saginaw*, the compensatory and nonpenal nature of defendant's predetermined attorney fees suggests that they were not a fine subject to Const 1963, art 8, § 9.

Defendant further cites to *People v Barber*, 14 Mich App 395; 165 NW2d 608 (1968) in support of her argument that a statute imposes a fine where the payment imposed is discretionary and conditioned upon a finding of guilt. In *Barber*, this Court held a 10% surcharge to "every fine, penalty and forfeiture imposed and collected by the courts for criminal offenses" was a fine as opposed to an assessment of "costs," because costs "must bear some direct relation to actual costs incurred . . . ." *Id.* at 399. Again, defendant's $400 attorney fees covered meetings, court appearances, plea negotiations, and motion practice, all of which directly relate to funding

---

[2] "Although published decisions of this Court issued prior to November 1, 1990, are not strictly binding upon us, all published decisions of this Court are precedential under the rule of stare decisis and generally should be followed." *Stoudemire v Thomas*, 344 Mich App 34, 41 n 2; 999 NW2d 43 (2022).

defendant's representation. The $400 fee imposed was compensatory and not left to the trial court's discretion, but predetermined as a reasonable estimation of attorney fees for each defendant, as established by the Wayne Circuit Court, Criminal Division.

Because the plain language of MCL 769.1k(1)(b)(*iv*) evidences the Legislature did not intend for it to be a fine and the attorney fees imposed directly relate to the actual cost of providing defendant with legal assistance, defendant fails to establish that MCL 769.1k(1)(b)(*iv*) constitutes a punitive fine subject to Const 1963, art 8, § 9. MCL 769.1k(1)(b)(*iv*) is not facially unconstitutional.

## B. SUFFICIENCY OF FACTUAL FINDINGS

Defendant also argues that the trial court failed to make required factual findings on the record before imposing attorney fees, including (1) the cost of providing legal assistance to defendant, (2) whether that cost was satisfied by the MIDCA, and (3) the effect of defendant's indigency on her ability to pay fees. As a result of this error, defendant asserts she is entitled to resentencing.

## 1. DETERMINING THE COST OF REPRESENTATION

Under MCL 769.1k(1)(b)(*iv*), a trial court may impose "[t]he expenses of providing legal assistance" on a defendant who has pleaded guilty or *nolo contendere*. MCR 6.005(C) further states: "If a defendant is able to pay part of the cost of a lawyer, the court may require contribution to the cost of providing a lawyer and may establish a plan for collecting the contribution." Related to the imposition of these fees, the Michigan Supreme Court has held that a trial court cannot impose attorney fees on a defendant without first making findings of fact in support of the amount assessed. *Lewis*, 503 Mich at 168. The *Lewis* Court announced that a trial court "must establish the cost of providing legal services to the specific defendant at issue when assessing attorney fees under MCL 769.1k(1)(b)(*iv*)." *Id*. at 167.

When denying defendant's motion to correct an invalid sentence, the trial court relied on *People v Williams*, unpublished per curiam opinion of the Court of Appeals, issued April 11, 2024 (Docket No. 362305).[3] There, the trial court imposed $2,000 in attorney fees, explaining at a postconviction hearing that it picked a "representatively fair" rate, while acknowledging the actual cost of representation would likely have been between $15,000 to $20,000. *Id*. at 7. This Court affirmed the attorney fee award, stating that although the trial court "did not articulate what that rate was," the findings were "minimal but sufficient" because "[t]he trial court reflected on the length of the trial and the amount of work the case required." *Id*. at 8.

While the trial court did not make factual findings regarding the $400 attorney fee at sentencing, it did explain in its order denying defendant's motion to correct an invalid sentence that $400 was a predetermined estimate that "applies for all defendants and their costs typically incurred prior to trial . . . ." The trial court further explained that the attorney fees covered

---

[3] Unpublished decisions of this Court are not binding but may be considered for their persuasiveness. *Eddington v Torrez*, 311 Mich App 198, 203; 874 NW2d 394 (2015).

meetings, court appearances, plea negotiations, and motion practice, and opined that $400 was "substantially less" than the actual costs incurred, considering defendant "also had bond and tether hearings and attempted to withdraw her no contest plea." Defendant does not challenge any of these findings on appeal.

These findings were sufficient to satisfy *Lewis* because the trial court acknowledged the amount of work the case required and estimated that the cost of providing legal services to defendant was substantially more than the predetermined fee it imposed. The trial court did not err with respect to its factual findings in support of defendant's attorney fees.

## 2. SATISFACTION OF ATTORNEY FEES UNDER THE MIDCA

Defendant also argues that the trial court failed to consider whether the cost of her legal representation was satisfied by the MIDCA. The Michigan Indigent Defense Commission (MIDC), is charged with "promulgat[ing] objective standards for indigent criminal defense systems to determine whether a defendant is indigent or partially indigent," MCL 780.991(3)(e), and determining "the amount a partially indigent defendant must contribute to his or her defense," MCL 780.991(3)(f). In her brief on appeal, defendant cites standards that the Michigan Department of Licensing and Regulatory Affairs (LARA) put forth for determining the indigency and contribution process for local funding units seeking reimbursement, and states the "appointing authority cannot require an indigent defendant to contribute to the cost of [their] defense . . . ." Defendant's argument implies that the trial court is an appointing authority, and therefore cannot require her to contribute to the cost of her defense; however, defendant makes no further attempt to explain her contention that the trial court is an appointing authority.

The only case cited by defendant to support her argument that the trial court was required to consider the MIDCA when imposing attorney fees is *People v Sedgeman*, unpublished per curiam opinion of the Court of Appeals, issued November 3, 2022 (Docket No. 356351). In *Sedgeman*, this Court found it "unclear whether the trial court considered that defendant's attorney fees may have already been satisfied under the [MIDCA]." *Id*. at 9. The Court explained, "If a determination is made that a defendant is partially indigent, it is the obligation of the indigent criminal defense system, with the assistance of the trial court to determine the amount of money the defendant must contribute to his or her defense." *Id*. at 9 n 3 (quotation marks and citation omitted). Further, "when an indigent criminal defense system determines a litigant is totally indigent, neither the system nor the trial court ought to include an assessment of attorney's fees." *Id*. Importantly, here defendant did not claim indigency at sentencing and offers no evidence to establish that she was or should have been determined to be partially or totally indigent. Accordingly, the trial court was not required to address whether defendant's attorney fees were satisfied by the MIDCA when it imposed them under MCL 769.1k(1)(b)(*iv*).

## 3. ABILITY TO PAY

Finally, defendant argues the trial court was required to make findings regarding her ability to pay attorney fees. "[*W*]*henever* a trial court attempts to enforce its imposition of a fee for a court-appointed attorney under MCL 769.1k, the defendant must be advised of this enforcement action and be given an opportunity to contest the enforcement on the basis of his indigency." *People v Jackson*, 483 Mich 271, 292; 769 NW2d 630 (2009). However, "trial courts should not

-6-

entertain defendants' ability-to-pay-based challenges to the imposition of fees until enforcement of that imposition has begun." *Id*. A review of the register of actions indicates that the trial court has not entered an order to enforce defendant's payment. Accordingly, the trial court was not required to make findings regarding defendant's ability to pay when it imposed the $400 attorney fees because "there is no constitutionally required ability-to-pay analysis until the fee is actually enforced." *Id*. at 294. Defendant is not entitled to an evidentiary hearing or resentencing in that regard.

## IV. CONCLUSION

MCL 769.1k(1)(b)(*iv*) does not impose a fine, and as such, is not unconstitutional under Article 8, § 9, of the Michigan Constitution. Further, the trial court did not abuse its discretion in denying defendant's motion to correct an invalid sentence because the factual findings were sufficient on the record, and the trial court was not required to consider whether defendant's attorney fees were satisfied by the MIDCA or analyze defendant's ability to pay when imposing attorney fees.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien
/s/ Matthew S. Ackerman

-7-