*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 29, 2025
3:15 PM

Plaintiff-Appellee,

v

No. 369415
Wayne Circuit Court
LC No. 22-006061-01-FC

LARNELL FREDRICK SMITH,

Defendant-Appellant.

Before: GADOLA, C.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

Defendant was convicted after a jury trial of being a felon in possession of a firearm (felon in possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 5 to 25 years' imprisonment for the felon in possession conviction and a consecutive sentence of five years' imprisonment for the felony-firearm conviction. The trial court also ordered defendant to pay restitution. Defendant appeals as of right, challenging his sentence and the ordered restitution. We affirm.

## I. FACTS

On August 25, 2022, defendant killed Dijon Nelson by shooting Nelson in the back five times during an argument. Defendant claimed self-defense; he told police that Nelson had a gun and was threatening to shoot him at the time of the incident. Defendant admitted to police that he had a gun in his pocket when the argument with Nelson began and that he used the gun to shoot Nelson. Defendant previously had been convicted of a felony. Defendant was charged with second-degree murder, MCL 750.317, felon in possession of a firearm, and two counts of felony-firearm. At trial, the jury deadlocked regarding the charge of second-degree murder and its accompanying felony-firearm charge, but convicted defendant of felon in possession and the felony-firearm charge related to that offense. At sentencing, defendant contended that offense variables (OVs) 1 and 3 were improperly scored, arguing that the trial court was precluded from considering that he shot and killed Nelson when scoring the offense variables to determine the sentencing guidelines. The trial court disagreed, and sentenced defendant based on the scored

-1-

guidelines. The trial court also ordered defendant to pay $4,544.70 in restitution for the victim's funeral expenses. Defendant now appeals.

## II. DISCUSSION

### A. OV 1 AND OV 3

Defendant contends that the trial court erred by scoring OV 1 at 25 points and scoring OV 3 at 100 points. We review for clear error the trial court's factual findings when sentencing the defendant, which must be supported by a preponderance of the evidence; we review de novo whether the trial court's factual findings warrant a particular score under the guidelines, which is a question of statutory interpretation. *People v Teike*, 348 Mich App 520, 525; 19 NW3d 733 (2023).

A defendant is entitled to be sentenced based on accurate information and accurately scored sentencing guidelines. *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). Although the sentencing guidelines are advisory only, the trial court is required to score the guidelines and consider them during sentencing. *Teike*, 348 Mich App at 538.

Offense variables generally are offense-specific; absent an exception in the offense variable, the trial court must consider the sentencing offense alone when scoring offense variables. *Id.*, citing *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009). For purposes of scoring offense variables, the sentencing offense is "the crime of which the defendant has been convicted and for which he or she is being sentenced." *People v Carter*, 503 Mich 221, 227; 931 NW2d 566 (2019).

In this case, defendant challenges the scoring of OV 1 at 25 points. OV 1 is scored for the aggravated use of a weapon. MCL 777.31(1). An assessment of 25 points for OV 1 is warranted when "[a] firearm was discharged at or toward a human being . . . ." MCL 777.31(1)(a). OV 1 is an offense-specific variable. *People v Biddles*, 316 Mich App 148, 166; 896 NW2d 461 (2016). Here, the sentencing offense was felon in possession of a firearm. When scoring OV 1, the trial court stated that it considered that defendant shot Nelson. Defendant argues that the trial court should not have considered that he shot Nelson because that information was beyond the scope of the sentencing offense of possessing a firearm, and that the trial court therefore erred when it assessed OV 1 at 25 points. Defendant argues that because he had possession of the gun for several hours before shooting Nelson, the crime of possessing the gun was complete before he shot Nelson.

We find no error in the trial court considering that defendant shot and killed Nelson with a firearm while committing the sentencing offense of felon in possession of a firearm. Although defendant was not convicted of murder, for purposes of scoring OV 1, the trial court was required to determine whether defendant discharged a weapon toward a human being. MCL 777.31(1)(a). In doing so, "a trial court may properly consider all of defendant's conduct during [the sentencing] offense." *People v Chelmicki*, 305 Mich App 58, 72; 850 NW2d 612 (2014) (quotation marks and citation omitted).

We find no support for defendant's argument that he had finished possessing the gun before he shot Nelson with it simply because he had the gun in his possession for several hours leading

up to the shooting. Defendant relies on *McGraw*, 484 Mich at 122, in which our Supreme Court stated that "a defendant's conduct after an offense is completed does not relate back to the sentencing offense for purposes of scoring offense variables unless a variable specifically instructs otherwise." Here, defendant admitted to police that he had the gun in his possession at the time he used the gun to kill Nelson; indeed, it would be difficult for one to shoot a gun without possessing it. The trial court did not err by assigning 25 points to OV 1.

Defendant also challenges the trial court's assessment of 100 points for OV 3, again contending that the trial court erred by considering that he shot Nelson, which defendant argues is conduct unrelated to the sentencing offense. OV 3 "is physical injury to a victim." MCL 777.33(1). An assessment of 100 points for OV 3 is warranted when "[a] victim was killed[,]" MCL 777.33(1)(a), provided that the "death results from the commission of a crime and homicide is not the sentencing offence," MCL 777.333(2)(b). OV 3 is offense-specific. See *Biddles*, 316 Mich App at 165. "Because the Legislature in MCL 777.33(2)(b) used the phrase '*results* from the commission of a crime,' it is clear that the defendant's criminal actions must constitute a factual cause of a death for purposes of OV 3." *People v Laidler*, 491 Mich 339, 345; 817 NW2d 517 (2012). "In determining whether a defendant's conduct is a factual cause of the result, one must ask, 'but for' the defendant's conduct, would the result have occurred?" *Id*. (quotation marks and citation omitted).

In this case, the sentencing offense was felon in possession of a firearm. When scoring OV 3, the trial court considered that defendant shot and killed Nelson. The record supports this factual finding; defendant admitted to police officers that he shot Nelson with a gun in defendant's possession. Because the record establishes that but for defendant's conduct, i.e., possessing a firearm contrary to law, Nelson would not have died, see *Laidler*, 491 Mich at 345; MCL 777.333(2)(b), the trial court's factual findings warranted scoring 100 points for OV 3.

Defendant also argues that if OVs 1 and 3 were scored lower, the sentence imposed by the trial court would exceed the lower guidelines range. Because we conclude that the trial court did not err in scoring OVs 1 and 3, we reject defendant's contention that the trial court imposed a sentence above the applicable sentencing guidelines. We review a within-guidelines sentence for reasonableness. *People v Posey*, 512 Mich 317, 359; 1 NW3d 101 (2023). The defendant bears the burden of demonstrating that his or her within-guidelines sentence is unreasonable or disproportionate. *Id*. The trial court sentenced defendant to 5 to 25 years' for felon in possession, which is within the guidelines minimum range of 19 to 76 months. Defendant has failed to establish that the sentence is either disproportionate or unreasonable. See *Posey*, 512 Mich at 359.

## B. RESTITUTION

Defendant contends that the trial court erred by ordering him to pay restitution. Defendant argues that because he was not convicted of murdering Nelson, he cannot be ordered to pay restitution for Nelson's funeral expenses. We disagree.

We review de novo the proper application of statutes authorizing the assessment of restitution at sentencing. *People v Foster*, 319 Mich App 365, 374; 901 NW2d 127 (2017). We review the trial court's calculation of the restitution amount for an abuse of discretion, while reviewing the trial court's factual findings for clear error. *Id*. The trial court abuses its discretion

when its decision falls outside the range of reasonable and principled outcomes, and the trial court clearly errs when this Court is left with the definite and firm conviction that the trial court made a mistake. *People v Tardy*, 348 Mich App 500, 509; 19 NW3d 164 (2023).

Crime victims have both a statutory and constitutional right to restitution. See *People v Neilly*, 513 Mich 401, 409-410; 15 NW3d 561 (2024), citing Const 1963, art 1, § 24. The two primary statutes governing restitution are MCL 769.1a and MCL 780.766. See *People v Bentley*, __ Mich App ___; ___ NW3d ___ (2024) (Docket No. 364303); slip op at 4. MCL 769.1a(2) provides, in relevant part:

> [W]hen sentencing a defendant convicted of a felony, misdemeanor, or ordinance violation, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

Similarly, MCL 780.766(2) provides:

> [W]hen sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

MCL 780.766(2) requires "a direct, causal relationship between the conduct underlying the convicted offense and the amount of restitution to be awarded." *People v McKinley*, 496 Mich 410, 421; 852 NW2d 770 (2014). Restitution under MCL 780.766(2) may be awarded "only for losses factually and proximately caused by the defendant's offense . . . ." *People v Corbin*, 312 Mich App 352, 369; 880 NW2d (2015) (quotation marks and citation omitted). Here, defendant was convicted of being a felon in possession of a firearm. While committing that offense, defendant shot and killed Nelson. Nelson's death was factually and proximately caused by defendant's possession of a firearm, see *Corbin*, 312 Mich App at 369, and there is a direct causal relationship between the conduct underlying the convicted offense and the amount of restitution awarded, being the funeral expenses for the victim. The trial court did not abuse its discretion when it ordered defendant to pay the restitution, which is based on actual loss suffered. See *Bentley*, ___ Mich App at ___; slip op at 5.

Affirmed.

/s/ Michael F. Gadola
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock

-4-